# BOWLES v. DISTRICT OF COLUMBIA.*

MUNICIPAL ORDINANCES; COMMON-LAW OFFENSES; FAST DRIVING; TRIAL
BY JURY; CONSTITUTIONAL LAW.

1. Mere fast driving, as distinguished from fast driving so as to endanger
the lives of the inhabitants of a city and amounting to a breach of the
peace, was not a common-law offense, and, when made an offense by
municipal ordinance, an offender is not, by virtue of any provision of
the Constitution of the United States, entitled to trial by jury.

2. Where a given act is an offense, both against the State, and against the
municipal government, the latter may be constitutionally authorized to
punish it, although it be also an offense against the State law.

3. One charged in the police court with violating a municipal ordinance pro-
hibiting the propulsion of horseless carriages beyond a certain speed
under a penalty of not less than $1 nor more than $40, is not entitled to
a trial by jury; construing D. C. Code, § 44, providing that in cases in
the police court where the penalty may be $50 or more, or imprison-
ment for thirty days or more, the defendant shall be entitled to a jury
trial, and also that in all cases the court may, in default of the pay-
ment of a fine imposed, commit the defendant for a period not to exceed
one year. The imprisonment provided for default in the payment of a
fine is not an alternative punishment, but is provided merely as a means
of enforcing payment of the fine, and it is competent for the defendant
to avoid it by paying the fine.

4. A violation of a municipal ordinance punishable by a fine not exceeding
$40 can in no proper sense be regarded as creating a purely civil liabil-
ity so as to entitle the offender to a trial by jury under article 7
of the Amendments to the Constitution providing that, in suits at com-
mon law, where the value in controversy shall exceed $20, the right to a
trial by jury shall be preserved.

*Right to Jury Trial.—As to right to jury trial in general, see the
presentation of authorities in the following notes: Constitutional right
to jury for assessment of damages on default, note to Dean v. Willamette
Bridge R. Co. 15 L. R. A. 614; jury trial on appeal as satisfying the con-
stitutional right to trial by jury, note to Miller v. Com. 15 L. R. A. 441;
constitutional right to trial by jury in equitable cases on account of de-
mand for damages, note to Lynch v. Metropolitan Elev. R. Co. 15 L. R. A.
287; right to jury trial in quo warranto proceedings, note to Buckman v.
State, 24 L. R. A. 806; compulsory reference as affecting right to jury,
note to Steck v. Colorado Fuel & I. Co. 25 L. R. A. 67; right to jury as
affected by compulsory evidence against one's self, note to Levy v. Superior
Court, 29 L. R. A. 819; number and agreement of jurors necessary to con-
stitute a valid verdict, note to State v. Bates, 43 L. R. A. 33.

No. 1308.    Submitted June 2, 1903.    Decided June 25, 1903.

In ERROR to the Police Court of the District of Columbia.
*Affirmed.*

The COURT in the opinion stated the case as follows:

The plaintiff in error was prosecuted in the police court of the District upon an information filed on behalf of the District, and by its assistant counsel, charging him with a violation of a municipal ordinance or police regulation which prohibited the propulsion of horseless carriages on the streets of the city of Washington beyond a certain specified rate of speed, under a penalty of not less than $1 and not more than $40 for each offense. He demanded a jury trial as a matter of right, and was refused; and he excepted to the ruling of the court in that regard. The court then proceeded to try the case without a jury, found the plaintiff in error guilty, and adjudged him to pay a fine of $25, and, in default of payment, to be committed to the workhouse for sixty days. He has been allowed to remove his case to this court by writ of error.

The Code of law of this District provides as follows in regard to prosecutions in the police court:—

"Sec. 44. That prosecutions in the police court shall be on information by the proper prosecuting officer. In all prosecutions within the jurisdiction of said court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, unless the accused shall in open court expressly waive such trial by jury and request to be tried by the judge, in which case the trial shall be by such judge, and the judgment and sentence shall have the same force and effect in all respects as if the same had been entered and pronounced upon the verdict of a jury.

"In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless in such of said last-named cases wherein the fine or penalty may be $50 or more, or imprisonment as punishment for the offense may be

thirty days or more, the accused shall demand a trial by jury, in which case the trial shall be by jury. In all cases where the said court shall impose a fine, it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year."

The contention of the plaintiff in error is that he was entitled to a trial by jury,—first, on the ground that the offense charged is one which, at common law, would have entitled him to a trial by jury, as well as under the Code itself by a proper construction of its provisions; and secondly, that the provision of the Code which has been cited is null and void in so far as it prohibits trial by jury in cases where the fine may be as high as $40, and the imprisonment, whether for nonpayment of the fine or otherwise, may be for a period of one year.

*Mr. Wilton J. Lambert, Mr. John C. Gittings,* and *Mr. D. W. Baker* (*Mr. James M. A. Watson* being with them on the brief), for the plaintiff in error:

1. The offense charged in the information is one which, at common law, would entitle the party to a trial by jury. Not that we contend that there was, at common law, any specific violation of an ordinance like the present one, but there was an offense similar to the one charged in the information for which the party charged could be indicted. At common law driving a carriage through a populous and crowded street in the city at such a rate of speed, or in such a manner, as to endanger the safety of the inhabitants is an indictable offense, and amounts to a breach of the peace, and a constable is authorized, without warrant, to arrest the party. *United States* v. *Hart,* 1 Pet. C. C. 390. The offense charged in the information comes within that class of offenses which, at common law, were indictable, and therefore, under the decision of *Callan* v. *Wilson,* 127 U. S. 540, entitles the party to a jury trial.

2. The offense charged in the information is one which can be punished by an imprisonment for more than thirty days, and therefore, the accused had a right to demand a trial by jury, and

the contention on the part of the District of Columbia that the
said offense is, in the first place, one not triable by jury at com-
mon law, and, in the second place, one where the punishment
by fine is not more than $50, or by imprisonment, as punish-
ment for the offense, not more than thirty days, cannot be sus-
tained. *In Re Rolfs,* 30 Kan. 758.

3. The act of Congress gives the court authority to impose
an alternative punishment and one is just as much a punishment
as another; and it seems to be unreasonable to say to a person
that you can be placed in jail without a jury trial for any period
not to exceed a year, not because you have committed any of-
fense, but because you are unable to pay your fine. The ques-
tion of this alternative sentence, and the effect thereof, were
fully considered by this court in the case of *United States* v.
*Mills,* 11 App. D. C. page 500, where this court held that the al-
ternative sentence was punishment for the crime, and not merely
incarceration for the nonpayment of the fine; and, therefore, a
person so sentenced could not be released under the poor con-
victs act. If that be the law, then the party is incarcerated as
a punishment for the crime; if not, if he were only detained by
reason of the fact that he did not pay the fine, then he could be
released after thirty days' imprisonment. If the contention of
the District is correct, we could have two persons, one sentenced,
say for a period of forty days as a punishment for the crime,
entitled to a jury trial, and another sentenced to a period of
eleven months on account of the nonpayment of a fine, not en-
titled to a jury trial, both serving at the same time; and the
only advantage one would have over the other would be that in
case the fine was paid he could be released. It is insisted that
such a statement shows the absurdity of the contention of the
District, and that the true meaning of the act of Congress, if it
be constitutional, is that, where an offense is punishable with a
fine of not less than $50 or imprisonment not exceeding thirty
days, the party is not entitled to a jury trial; but whenever, as
a punishment for the offense, the judge of the police court has
authority to incarcerate a person convicted before him for a
period of more than thirty days, that person is entitled to a

jury trial; and it is not a question of what the judge does in a certain case, but it is a question of what the judge may do under the law under which the defendant is prosecuted, that determines whether or not the defendant is entitled to a jury trial.

4.   The act of Congress is utterly null and void and of no effect in that it fails to define the offenses which are triable by jury, and it is unconstitutional, null, and void when it attempts to give a court a right to try a case arbitrarily where there would be inflicted on the defendant a fine in any amount up to $50, and a sentence can be imposed on the defendant of any period up to thirty days; that where such a sentence can be imposed on the defendant, that the offense is of such dignity that the Constitution of the United States gives to the party charged a right to be tried by a jury.   Art. 7, Amendments to Constitution. *Parsons* v. *Bedford,* 3 Pet. 434.

*Mr. A. B. Duvall,* Corporation Counsel, and *Mr. E. H. Thomas,* Assistant, for the defendant in error.

Mr. Justice MORRIS delivered the opinion of the Court:

1.   With reference to the first ground, it is conceded that there was no such specific offense at the common law as that with which the plaintiff in error was here charged; but it is claimed that there was one similar to it, that of driving a carriage through a populous and crowded street in a city at such rate of speed or in such manner as to endanger the safety of the inhabitants, which is said to amount to a breach of the peace and to be an indictable offense, for which a constable might arrest the offender without warrant.   Cited in support of this proposition are the cases of *United States* v. *Hart,* Pet. C. C. 390, Fed. Cas. No. 15,316; *Com.* v. *Worcester,* 3 Pick. 473; *McInerney* v. *Denver,* 17 Colo. 302, 29 Pac. 516; *Callan* v. *Wilson,* 127 U. S. 540, 32 L. ed. 223, 8 Sup. Ct. Rep. 1301.   And it is argued that, inasmuch as the offense is such a crime, the 3d Amendment to the Federal Constitution, which provides that "the trial of all crimes, except in cases of impeachment, shall be by jury," and

the 6th Amendment to the Constitution, which provides that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed," imperatively require that such offense shall be tried by a jury.

But this argument is more plausible than substantial; and it is an argument that has been repeated in vain ever since the Constitution of the United States went into force. There is not, and there never was, any such criminal offense known to the common law as that of fast driving, even on the streets of a great city. The offense that was known to the common law was that of fast driving in such manner and under such circumstances as to endanger the lives of the inhabitants. Fast driving of itself was never an offense at common law. Its denunciation, therefore, by municipal ordinance is not the conversion of a common-law offense into a violation of municipal ordinance. But even if such were the case, it would not follow that the municipal ordinance is a nullity. What Judge Dillon says in his excellent work on Municipal Corporations in this regard, after a full consideration of the authorities, must suffice here without further consideration by us of the authorities in detail. He says: "Where the act is, in its nature, one which constitutes two offenses, one against the State and one against the municipal government, the latter may be constitutionally authorized to punish it, though it be also an offense under the State law." 1 Dill. Mun. Corp. 4th ed. § 368. And this necessarily implies that, in the punishment of offenses made such by municipal ordinance, the municipality may properly proceed in its own summary way by the summary processes by which alone it can enforce its ordinances. For it must be noted that municipal ordinances as such have nothing to do with the State or the State with them, except, of course, that the State may override and nullify them, or may specifically provide means for their enforcement. But, in the absence of State legislation to that effect, municipal ordinances cannot be enforced through State legislation; and trial by jury is exclusively one of the processes of the State, and not of the municipality. If, therefore, the of-

fense of fast driving was not such at common law, but is only made such by municipal ordinance in this and other similar cases, we do not find that the Constitution of the United States has anything to do with the method of its punishment. We do not mean to be understood, however, as holding that there may not be fast driving under such circumstances and in such manner as to constitute a criminal offense, even of a heinous nature, and to make it the subject of indictment by a grand jury. But there must be such circumstances as to constitute the act as virtually a breach of the peace.

2. But it is contended in the next place that the act of Congress requires by its terms or by necessary implication that this case should be tried by a jury, since, although the fine is less than $50, which is the limit of the pecuniary penalty that justifies a demand for a jury, yet the act also provides for the infliction of an imprisonment which may last for more than thirty days as a punishment. As already stated, the penalty provided for a violation of the municipal ordinance in question is a fine of not less than $1 and not more than $40 for each offense, and there is no provision for any imprisonment whatever. The Code [§ 44] however, provides that "in all cases where the said [police] court shall impose a fine, it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year." And it is argued that this provides for an alternative punishment by imprisonmnt for thirty days or more, and therefore entitles a party to a trial by jury. The vice of this argument is so patent that it requires no great amount of consideration. If it were well founded, every violation of a municipal ordinance would have to be tried by a jury; for it would always be in the power of the accused to refuse to pay a fine imposed, and thereby to force an imprisonment, if the municipal ordinance is not to become a nullity and a mockery. The result of such a contention as this, if established, it is unnecessary to describe. It must suffice to say that, under such a construction of the law, which would practically allow a party to take advantage of his own wrong, municipal ordinances would become

worthless and municipal chaos would take the place of law and order. The condition which would be superinduced would be intolerable.

But plainly the law means nothing of this kind. Imprisonment is not provided either by the ordinance or by the Code as an alternative punishment; but imprisonment is very properly provided as the only available mode for the enforcement of the fines imposed as punishment. Without it there would be no practicable means for the enforcement of fines. When imprisonment is provided as an alternative punishment, it is proper so to state, and it is so stated in the laws and ordinances. Imprisonment could not be imposed in this case primarily; and it is always competent for the party to avoid it by paying his fine. It would not be competent for him to avoid it if it were originally imposed as punishment.

3. It is objected, in the third place, that, if the appellant is not guilty of a crime or misdemeanor which entitles him to a trial by jury under the Constitution, then he has incurred only a civil liability, in the nature of a petty debt, which, being more than $20 in his case, entitles him to a trial by jury under article 7 of Amendments to the Constitution, which provides that "in suits at common law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved." This argument, although advanced with apparent earnestness, requires no serious consideration by us. The fine imposed for the violation of municipal ordinance, although likened in some adjudicated cases for some purposes to a civil liability, is not such in its essence, but a penalty or punishment imposed for a criminal or quasi-criminal offense; not a criminal offense in the sense of the Constitution, but a petty criminal offense made such by municipal ordinance. The right of a municipality, under legislative authority or by immemorial usage, to prohibit certain actions as offenses against it is undoubted and beyond question. Such acts so prohibited become offenses; but they are not the criminal offenses to which the Constitution of the United States extends the privilege of trial by jury, and they can in no proper sense be regarded as creating a purely civil liability. It

must be held that violations of the police regulations of municipalities made for the preservation of good order are criminal offenses, and punishable as such, although in their nature of a petty class, not cognizable in the tribunals of the common law.

We are of opinion that the action of the Police Court of the District of Columbia in the premises was according to law, and that its judgment should be *affirmed*. *And it is so ordered.*