# DISTRICT OF COLUMBIA *v.* GARDINER.*

STATUTES; INTOXICATING LIQUORS; INFANTS; FORFEITURE OF LICENSE.

1. Where a judgment of conviction of one found guilty in the police court of selling intoxicating liquor to a minor, imposed a fine and provided that in default of its payment the accused be imprisoned, the fact that the accused paid the fine before the settling of a bill of exceptions taken by the prosecution for the purpose of reviewing the judgment on the ground that it should have included as part thereof the revocation of the license of the accused, will not entitle the defendant in error to a dismissal of the writ of error by this court; the acceptance of the fine by the proper officer of the police court in the discharge of his duty not working an estoppel upon the prosecution to question the form of the judgment entered.

2. Statutes regulating the sale and dispensation of intoxicating liquors in this District will be given a liberal and reasonable construction in view of their remedial objects and purposes, so as to effect the same. (Citing *Lauer* v. *District of Columbia*, 11 App. D. C. 453, 457; *District of Columbia* v. *Dewalt*, 31 App. D. C. 326–331; *United States ex rel. Stevens* v. *Richards*, 33 App. D. C. 410–417.)

3. Statutes should receive a sensible construction, such as will effect the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion. (Following *Fields* v. *United States*, 27 App. D. C. 433.)

4. The act of Congress of April 28, 1904 (33 Stat. at L. 565, chap. 1815) enacted as an amendment to the law relating to taxation, making it unlawful for the licensee, owner, proprietor, or any employee of the licensee, owner, or proprietor, of any barroom or other establishment in the District of Columbia, in which intoxicating

---

*Intoxicating liquors.*—Upon the question of validity, construction, and effect of statutes regulating admission of minors to saloons, see note to *State* v. *Johnson*, 22 L.R.A.(N.S.) 1007; liability for sale of intoxicating liquors to minors, notes to *Tony* v. *State*, 3 L.R.A.(N.S.) 1196, and *State* v. *McNeal*, 25 L.R.A.(N.S.) 178; as to seller's ignorance of minority of purchaser as defense to prosecution for sale of liquors to minor, note to *Harper* v. *State*, 25 L.R.A.(N.S.) 669.

liquors of any kind are sold, to sell, give, or dispense in any manner intoxicating liquors of any kind to any person under the age of twenty-one years, and providing that any person knowingly violating its provisions "shall be amenable to a fine of $25, or imprisonment for thirty days, or both, in the discretion of the court, and in addition to such penalty the license for the place in which such intoxicating liquors were sold to a minor shall be revoked," requires that the license of one found guilty of and fined by the police court for *dispensing* intoxicating liquors to a girl under the age of twenty-one years should be revoked as a part of the penalty for such offense, and the judgment of conviction should so provide. The object of the statute is to prevent the consumption of liquor by minors, and not merely its sale to them.

### On Application for a Rehearing.

5. Section 8 of rule 25 of this court, adopted May 25, 1897, provides that "upon the decision and filing of opinion in the cases brought into this court on writ of error from the police court or the juvenile court, the mandate of this court shall at once issue without delay;" and a mandate issued in strict accordance with this section, requiring the police court to declare the forfeiture of a liquor license as a part of the penalty for dispensing liquor to a minor, is not improvidently issued.

6. Objection that a license ordered by this court to be revoked has already expired comes too late on a motion in the nature of an application for a rehearing, when, at the time the case was argued and submitted, counsel for the defendant must have known of the alleged expiration, but failed to suggest it upon the record, or otherwise bring it to the attention of the court.

7. Counsel for defendant, having allowed the court to remain in ignorance of the alleged expiration of a license until its opinion had been delivered, cannot, on a motion in the nature of an application for a rehearing, object that the decision was merely that of a moot question.

No. 2458. Submitted November 7, 1912. Decided December 30, 1912. Application for rehearing submitted January 4, 1913. Decided January 6, 1913.

IN ERROR to the Police Court of the District of Columbia.

*Reversed.*

The facts are stated in the opinion.

*Mr. E. H. Thomas,* Corporation Counsel, for the appellant.

*Mr. C. W. Darr* and *Mr. H. E. Davis* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the court:

On writ of error to the police court.

An information charged Edward J. Gardiner, a licensed barroom keeper, first with having dispensed intoxicating liquors to one Lilian Spencer, a female under the age of twenty-one years and also with having sold such liquors to her, on a given date.

The bill of exceptions shows that a trial was had by jury, who found defendant guilty of dispensing the liquor to said person, but not guilty of selling the same. Thereupon the court entered a judgment imposing a fine of $25 upon the defendant; and in the event of its nonpayment that he be imprisoned for thirty days. The District attorney asked that the judgment be made to include as a necessary part thereof, a revocation of defendant's license. The court refused to make the inclusion, and the District attorney took the bill of exceptions on which the writ of error was granted.

The defendant in error has moved to dismiss the case on the ground that the judgment has been discharged by the payment of the fine before the settling of the bill of exceptions. It is to be presumed that the fine was immediately paid to escape the alternative penalty of imprisonment, and was received by the proper officer of the court in the performance of his duty under the judgment. It does not appear that it was paid to, or accepted by, the District of Columbia so as to work a discharge from all the consequences of the judgment, or any estoppel of it to insist upon the entry of a proper judgment should it be found that the statute required that the judgment should include the forfeiture of the license.

The motion is denied.

The selling of liquors is regulated by act of Congress, approved March 3, 1893 (27 Stat. at L. 563, chap. 204). The act regulates the selling of liquors, defining barrooms, the requisites of license, etc., and provides penalties for violation of the law in many particulars, including the revocation of licenses in cer-

tain cases. Section 6, which makes a comprehensive definition of a barroom, uses the word "sold" in one part and the word "dispensing" in another with the same signification. Section 19 prohibits the employment of any female, or minor under sixteen years of age, to sell, give, furnish, or distribute any intoxicating drinks, and provides further that no licensee shall knowingly sell or permit to be sold any intoxicating liquor to any person under the age of twenty-one years, under the penalty, upon conviction thereof, of forfeiting such license. Another act, approved March 2, 1907 (34 Stat. at L..1248, chap. 2569), made it unlawful to purchase, procure for, sell, give, or dispose to, or aid in the same for the use of, any person under the age of twenty-one years, knowing him or her to be such, any intoxicating liquor, etc. The penalty for violating the provisions of this act is fine or imprisonment. Nothing in this act shall be held to repeal or abrogate the provisions of the former act prohibiting the sale, gift, or disposition of such liquors to any minor, by persons having license to sell intoxicating liquors. The particular act under which this prosecution was had, approved April 28, 1904 (33 Stat. at L. 565, chap. 1815), is an amendment to the law relating to taxation, and provides as follows:

"That hereafter it shall be unlawful for the licensee, owner, proprietor, or any employee of a licensee, owner, or proprietor of any barroom, or any other establishment in the District of Columbia, in which intoxicating liquors of any kind are sold, to sell, give, or dispense in any manner intoxicating liquors of any kind to any person under the age of twenty-one years.

"Any person knowingly violating the provisions of this paragraph shall be amenable to a fine of $25, imprisonment for thirty days, or both, in the discretion of the court; and in addition to such penalty the license for the place in which such intoxicating liquors were sold to a minor shall be revoked."

The contention on behalf of the plaintiff in error is that the statute shall be construed liberally with a view to effect the object and purpose of the laws of which it is made a part, and that, so construed, it requires the license to be revoked for

the act of "dispensing" liquors to females under twenty-one years of age, as well as for selling the same to such persons. The opposing contention is thus stated in the argument for defendant in error:

"The mere reading of this act shows that Congress in enacting it had in contemplation three different methods of furnishing liquor to a minor; namely, (1) selling, (2) giving, (3) dispensing in any manner. Obviously Congress used these words, exclusively one of the other; otherwise, the words were used without recognition of any difference in their respective meanings. And having used the words with mutually exclusive meanings, it necessarily follows that when in the portion of the act one of the words only, namely, the word 'sold' was used, it must be that Congress intended to limit the penalty of forfeiture of license to a case of selling as distinguished from giving or dispensing liquor in any manner to a minor, and, a contrary contention, of necessity involves the contention that in one part of the act Congress used three different words capable of and having different meanings, and in another part of the act used one of these words as though its meaning were equivalent to the. meaning of the other two."

It is the settled doctrine of this court that a liberal and reasonable construction shall be given these statutes in view of their remedial objects and purposes, so as to effect the same. *Lauer* v. *District of Columbia,* 11 App. D. C. 453–457; *District of Columbia* v. *Dewalt,* 31 App. D. C. 326–331; *United States ex rel. Stevens* v. *Richards,* 33 App. D. C. 410–417.

The object of the law, by which revenue was to be raised from licensing the sale of liquor, was also to prevent, as far as possible, many of the evils resulting therefrom. An object manifested throughout was to prevent one of the greatest of these; namely, the consumption of intoxicating liquors by persons, particularly females, under the age of twenty-one years. The evil to be remedied is the consumption of liquor by such persons, and not merely its sale to them.

Throughout the statutes, therefore, we find such words as "dispose," "distribute," "dispense," "give," and the like used in

frequent conjunction with the word "sell" and its derivatives. These are not used, necessarily, in their technical sense or meaning, but to prevent subterfuges and evasions of the law. *Lauer* v. *District of Columbia,* 11 App. D. C. 453–457. This is manifest in the first clause of the statute under consideration, which defines the offense. In prescribing the penalty all of the words were not carried into the clause, but the word "sold" is used alone.

Licenses are only granted for places where liquor is sold, but, as we have seen, the object of the law was not to prohibit sales merely to minors, but to prevent their obtaining liquor, in any way, for consumption. To require the revocation of the license of a licensee who thwarts this purpose by wilful violation of the law is both a reasonable and just provision to effect the express purpose of the law. To say that Congress recognized a substantial difference between the means by which liquor might be obtained by minors and, therefore, intended to discriminate between a technical sale and other ways of furnishing the liquor to them, is not only in conflict with the express words in which the defense is defined, but leads to an unreasonable conclusion. "Nothing is better settled than that statutes are to receive a sensible construction, such as will effect the legislative intention, and, if possible, so as to avoid an unjust or an absurd conclusion." *Lau Ow Bew* v. *United States,* 144 U. S. 47–59, 36 L. ed. 340–344, 12 Sup. Ct. Rep. 517; *Fields* v. *United States,* 27 App. D. C. 433–441.

Our conclusion is that the statute requires, as a part of the penalty for the commission of the offense defined, that the license of the offending licensee shall be revoked. The police court erred in refusing to make the revocation of the license a part of its judgment, and for that error the judgment to that extent will be reversed, and the case remanded with direction to reform the judgment by ordering a revocation of the license of the defendant in error.                                        *Reversed.*

A motion by the appellee to recall the mandate and for a rehearing, filed January 4, 1913, was denied, January 6, 1913,

Mr. Chief Justice SHEPARD delivering the opinion of the Court:

A motion to recall the mandate and in the nature of an application for rehearing has been presented on behalf of the defendant in error.

1. The first ground, that the mandate was improvidently issued, is without any foundation whatever. The opinion in the case was filed and the judgment entered thereon December 30, 1912. The mandate issued December 31. Rule 23 promulgated immediately after the organization of this court—A. D. 1893—delays the issue of mandates for fifteen days, within which motion for reargument may be submitted, unless by special order of the court. The rule was adapted to the then jurisdiction of this court, of appeals from the supreme court of the District.

When, by the act approved March 20, 1897, the jurisdiction was extended to grant writs of error to the police court, other rules became necessary. On account of the character of the jurisdiction of the police court, and the importance of a prompt disposition of the cases therein, the new rule (25) was then adopted May 25, 1897. It contains nine sections. These provide the manner in which bills of exceptions shall be settled and records prepared and presented, and limit the time closely so as to prevent unnecessary delay. All such cases, in which the writ of error is allowed, are placed upon the special docket or calendar, which is called monthly for hearing.

Section 8, in strict accordance with which this mandate was issued, reads as follows: "Upon the decision and filing of opinion in the cases brought into this court on writ of error from the police court or the juvenile court, the mandate of this court shall at once issue without delay. . . ."

The rule has controlled the practice in such cases for many years, and experience in its operation has suggested no change; nor has any objection been presented to it before.

As complaint of the form of the judgment entered, and of the mandate issued by the clerk, has been made to that officer, though not repeated in this motion, we think it proper to say that they are correct in form and in complete accordance with

the opinion of the court. The judgment—which the mandate recites—reverses so much of the action of the police court as denied the request of the District of Columbia for a forfeiture of the license in addition to the penalty inflicted. The writ of error was to correct that error to which the bill of exceptions taken at the time was solely directed. For the error committed therein, the action, to that extent, was reversed, and the police court directed to reform its judgment as entered so as to include therein the revocation of the license. All that remains to be done is to follow the mandate, which is entirely plain and affords no ground for misunderstanding.

2. The third paragraph of the motion reads as follows:

"The mandate of the court directing the police court to reform its judgment by ordering a revocation of the license of the defendant in error is nugatory and vain, for that the said license by its own terms and by force of the statute in such case made and provided expired on October 31, 1912, and there is in existence no license of the defendant in error capable of revocation in the premises."

There is nothing in the record to indicate when the license, ordered to be revoked, would expire. But assuming, as a fact, the license actually expired October 31, counsel neglected to suggest it, or bring it to the attention of the court at the proper time. The case was argued and submitted November 7, 1912—six days after the alleged expiration of the license—and counsel, who must have then known of its expiration, made no suggestion of it, either in oral or printed argument. It comes too late now. Moreover, the operation of the license may be prolonged by § 17 of the act of 1893, which provides that if application for renewal be made on or before November 1, business may be continued under the old license until a new license be granted or refused.

3. The last paragraph of the motion reads thus:

"It is the desire of counsel to submit for consideration by the court a motion for reargument of the cause upon the ground last indicated, namely, that any attempted revocation of the license of the defendant in error will be vain and nugatory, and that

.at the time of the submission of this cause to the court the question whether the revocation of the license of the defendant in error should be part of the judgment of the police court was merely a moot question."

We are not asked to entertain a motion for reargument of the points decided. The proposition sought to be argued is that revocation of the license "will be void and nugatory" because of its expiration, and that "the question whether the revocation should be part of the judgment of the police court was merely a moot question." As already indicated, the fact of the expiration of the license is not shown in the record, nor was it suggested when, if at all, it might have been considered. In arguing what they now claim was only a moot question, counsel permitted the court to remain in ignorance of the fact until after its opinion had been delivered.

By the applicant's own admission he has no right now to be affected by the entry of the judgment in the police court, and we must decline to entertain another argument.

The motion is denied.