**Conway Ellis CLARKE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**Nos. 14430, 14431.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 17, 1958.

Decided Jan. 15, 1959.

Mr. Joseph V. Gartlan, Jr., Washington, D. C., for appellant.

Mr. Louis M. Kaplan, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

FAHY, Circuit Judge.

We allowed appeals from judgments of the Municipal Court of Appeals affirming the convictions of appellant, on a trial by jury in the Municipal Court, on two informations charging violations of § 22-1410, D.C.Code (1951), the so-called "worthless" check statute. The facts are sufficiently set forth in the opinion of the Municipal Court of Appeals, Clarke v. United States, 140 A.2d 181 (D.C.Mun. App.1958).

In resolving a question of first impression in this jurisdiction the Municipal Court of Appeals discussed the conflicting authorities and concluded that the sounder reasoning lay with the majority view which holds that the fact that

---

**270**

a check is given for a pre-existing indebtedness does not necessarily rebut the prima facie evidence of intent to defraud on the part of the drawer created by the statute itself where the check is refused payment by the drawee because of insufficient funds.

 We affirm on the ground that, as stated by the Municipal Court of Appeals, the case was properly permitted to go to the jury. Intent to defraud is ordinarily a question for the jury. Cf. Levine v. United States, 104 U.S.App. D.C. ——, 261 F.2d 747. And where prima facie evidence of it exists, as here, the very facts which give rise to the prima facie case do not themselves necessarily rebut their prima facie effect. "[I]n the issue of a check for a past * * * consideration, the question whether or not the intent to defraud exists is a question of fact, and hence for the jury." State v. Lowenstein, 109 Ohio St. 393, 401, 142 N.E. 897, 899, 35 A.L.R. 361 (1924).

Affirmed.