Warren O. **WILDEBLOOD**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15054.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 11, 1959.

Decided Nov. 19, 1959.

———◆———

Mr. Grover C. Cooper, Washington, D. C., with whom Mr. Ben C. Fisher, Washington, D. C. (both appointed by this court) was on the brief, for appellant.

Mr. William W. Greenhalgh, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee. Mr. Jerome Cohen, Asst. U. S. Atty., at the time the record was filed, also entered an appearance for appellee.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

By an information filed on January 7, 1959, appellant was charged with soliciting for lewd and immoral purpose in violation of Title 22 D.C.Code (Supp. VII, 1959), Section 2701. His case was continued three times before he entered a plea of not guilty on February 3, 1959. On the same day he was tried in the Municipal Court (sitting without a jury) and found guilty as charged. He was sentenced upon conviction to pay a fine of twenty-five dollars or to serve a term of ten days in jail. On February 4, 1959, his fine of twenty-five dollars was paid to the Clerk of the Municipal Court.

Appellant pro se filed an application for allowance of appeal from this judgment with the Clerk of the Municipal Court of Appeals on February 6, 1959. His application, having been submitted to and considered by the Chief Judge and both Associate Judges, and each of them being of the opinion that the appeal should be denied, was ordered to be denied on February 17, 1959, in accordance with Title 11 D.C.Code (1951), Section 772. Appellant petitioned this court for leave to file an appeal in forma pauperis from the judgment of the Municipal Court of Appeals on February 25, 1959. This court granted his petition on March 30, 1959. By order of June 15, 1959, this court allowed his appeal, reserving decision as to jurisdiction until the hearing of the case.

Appellant urges first, that the payment of the fine does not render the legal issues moot for appeal, and second, that we have jurisdiction to review the action of the Municipal Court of Appeals because the Clerk failed to provide assistance to the pro se appellant as con-

templated by Title 11 D.C.Code (1951), Section 772(a), and third, because the Municipal Court of Appeals failed to appoint counsel to assist appellant in presenting his application for allowance of an appeal.

The Government argues, and appellant concedes, that there is no appeal as a matter of right to the Municipal Court of Appeals where the penalty imposed is less than $50.[1] The Government argued in the alternative that the appeal was rendered moot by payment of the $25 fine actually imposed and that even granting our jurisdiction the action of the Municipal Court of Appeals should be affirmed as correct.

We need not reach all the contentions of appellant [2] to resolve what seems to us the critical and important question growing out of the fact that the appellant was not represented by counsel in his effort to persuade the Municipal Court of Ap-

peals to exercise its power under the statute, which appellant concedes is discretionary, to grant or deny an appeal.

The Government argues that "Congress intended that this appeal [from the Municipal Court to the Municipal Court of Appeals] should be reviewable only by application to the Municipal Court of Appeals because experience had shown that it was in the interest of justice that there be a speedy and final determination, and that an appeal *of right* would serve to bring about confusion, expense and unnecessary delay."

We can, arguendo, accept all this as true. But it is not in conflict with the idea that before the Municipal Court of Appeals passes on whether to grant or deny an appeal in a case such as this, involving grave moral turpitude and an indelible stigma, the person seeking the review should have assistance of counsel

1. "Any party aggrieved by any final order or judgment of The Municipal Court for the District of Columbia, as created by subchapter I, or of the Juvenile Court of the District of Columbia, may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia. Appeals may also be taken to said court as of right from all interlocutory orders of The Municipal Court for the District of Columbia whereby the possession of property is changed or affected such as orders dissolving writs of attachment and the like: *Provided, however*, That reviews of judgments *of the small claims and conciliation branch* of the Municipal Court of the District of Columbia, *and reviews of judgments in the criminal branch of the court where the penalty imposed is less than $50*, shall be by application for the allowance of an appeal, filed in said Municipal Court of Appeals. Said application shall be on a standard form, in simple language, prescribed by The Municipal Court for the District of Columbia. *When the appealing party is not represented by counsel, it shall be the duty of the clerk to prepare the application in his behalf.* The application for appeal shall be filed in The Municipal Court of Appeals for the District of Columbia within three days from the date of judgment. It shall be promptly presented by the clerk to the chief judge and to each of the associate judges for their consideration. If they or any

one of them are of the opinion that the appeal should be allowed, the appeal shall be recorded as granted, and the case set down for hearing on appeal, and given a preferred status on the calendar, and heard in the same manner as other appeals in said court. If the chief judge and both associate judges shall be of the opinion that an appeal should be denied, such denial shall stand as an affirmance of the judgment of the trial court, from which there shall be no further appeal.

"After the effective date of this subchapter, no writs of error or appeals, except in respect of judgments theretofore rendered, shall be granted by the United States Court of Appeals for the District of Columbia to the said Municipal Court or to the said Juvenile Court." (Emphasis added.) Title 11 D.C.Code (1951), Section 772(a).

2. It seems clear to us that Congress did not intend by Title 11 D.C.Code (1951), Section 772(a), to grant legal assistance to indigents via the staff of the Clerk's Office. At most "the duty of the clerk to prepare the application" for review is limited to ministerial or clerical assistance in filling out the forms required to raise the questions. No other intent could be ascribed to Congress without making the Clerk's Office a public defender office —a task for which it is obviously not staffed or equipped.

to present his claim for the reviewing court's attention.

Rule 29(b) of the Municipal Court of Appeals Rules provides that an application for allowance of an appeal "shall contain a sufficient recital of the proceedings and evidence, reasonably to present the ruling or rulings sought to be reviewed. With it there may be filed a brief statement of the law points and authorities relied upon." Nearly the whole of appellant's application for allowance of an appeal is a meaningless jumble of words. Unless the defendant is given the aid of counsel in preparing an application, the right to file one may well be useless; moreover, the court's consideration of the issues so presented cannot be as meaningful as when presented by counsel.

In exercise of our powers and responsibility in relation to the administration of justice in the courts of the District, we should give effect to the spirit of Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593 and Farley v. United States, 1957, 354 U.S. 521, 77 S.Ct. 1371, 1 L.Ed.2d 1529. We hold that the Municipal Court of Appeals, before exercising the discretion vested in it under the statute with respect to a conviction involving serious moral turpitude, should appoint counsel to assist an indigent convicted person and to aid the court. Among other things not ripe for consideration here is the claim that payment of the fine rendered appellant's claims moot. See United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248; Fiswick v. United States, 1946, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196; People v. Williams, 1955, 4 Ill.App.2d 506, 124 N.E.2d 537; Commonwealth v. Fleckner, 1896, 167 Mass. 13, 44 N.E. 1053.

The case is therefore remanded to the Municipal Court of Appeals to appoint counsel to assist appellant in presenting his claim that the Municipal Court of Appeals should allow an appeal.

Remanded with instructions.

EDGERTON, Circuit Judge.

I concur in Judge BURGER'S opinion. We need not now consider (1) whether the right we are enforcing covers convictions not involving moral turpitude; (2) whether "$25.00 or 10 days" is a "penalty * * * less than $50"; (3) whether the Clerk performed his statutory duty "to prepare the application"; or (4) whether D.C.Code (1951) § 11–606, authorizing imprisonment for nonpayment of a fine, is constitutional.