**Warren O. WILDEBLOOD, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Misc. No. 1456.**

United States Court of Appeals District of Columbia Circuit.

Nov. 3, 1960.

Petition for Rehearing En Banc Denied

Nov. 29, 1960.

See, also, 106 U.S.App.D.C. 338, 273 F.2d 73.

---

Mr. John B. Jones, Jr., Washington, D. C. (appointed by this court) was on the petition for leave to appeal in forma pauperis.

Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, and John D. Lane, Asst. U. S. Attys., were on respondent's opposition to the petition.

Before EDGERTON, BASTIAN and BURGER, Circuit Judges, in Chambers.

PER CURIAM.

Upon consideration of the petition for leave to prosecute an appeal from the Municipal Court of Appeals without prepayment of costs and of the memoranda in support and in opposition, it is

Ordered by the court that the petition for leave to prosecute an appeal from the Municipal Court of Appeals without prepayment of costs is denied.

EDGERTON, Circuit Judge (dissenting).

"Any party aggrieved by any final order or judgment of The Municipal Court for the District of Columbia * * * may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia * * * *Provided, however*, That reviews of judgments of the small claims and conciliation branch of the Municipal Court of the District of Columbia, and reviews of judgments in the criminal branch of the court where the penalty imposed is less than $50, shall be by application for the allowance of an appeal, filed in said Municipal Court of Appeals. * * * *" D.C.Code (1951) § 11-772(a).

The underlying principle of the statute is clear. Appeal is a matter of right in serious cases.

This is a serious case. It involves "grave moral turpitude and an indelible stigma". Wildeblood v. United States, 106 U.S.App.D.C. 338, 339, 273 F.2d 73, 74. It is therefore within the principle of the statute.

The question is whether it is nevertheless outside the language of the statute. I think it is within the language as well

as the principle. The sentence imposed upon the petitioner was "$25.00 or 10 days". In my opinion this is not a "penalty * * * less than $50" and petitioner was therefore entitled to appeal as of right. As in previous cases, the Municipal Court of Appeals has held the contrary.

The question is of general importance and this court should decide it because it constantly recurs. Petitioner's poverty should not prevent us from deciding it. I would therefore grant the petition for leave to appeal in forma pauperis.

The nature of the penalty actually inflicted by a sentence of "$25.00 or 10 days" depends on the defendant's financial ability and personal choice. If he chooses, and is able, to pay the fine, he can avoid imprisonment. If he chooses imprisonment, he can avoid the fine. If he cannot pay the fine, he cannot avoid imprisonment.

No one suggests that imprisonment for 10 days is a "penalty * * * less than $50." The theory of the Municipal Court of Appeals is that although "10 days" was part of the sentence, that part of the sentence was no part of the penalty. This seems to me a paradox. The Municipal Court of Appeals has said in defense of its theory: "The alternative of imprisonment is but the mode, authorized by Section 11-616 of the Code, for enforcing payment of the fine imposed, and may be avoided by payment of the fine." Yeager v. District of Columbia, 33 A.2d 629, 630. This overlooks three things. (1) In many cases, imprisonment cannot "be avoided by payment of the fine" because the defendant cannot pay the fine. (2) Payment of the fine can always be avoided by going to prison. (3) Section 11-616 of the District of Columbia Code does not authorize alternative sentences of fine or imprisonment. It provides that "in all cases *where the said court shall impose a fine* it may, *in default of the payment of the fine* imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year." (Emphasis added.) That is not what the Municipal

Court did in petitioner's case. If it was authorized to impose the alternative sentences it did impose, it derived its authority not from § 11–616 but from § 22–2701. Section 22–2701 authorizes, for the offense involved in this case, "a penalty of not more than $250 or imprisonment for not more than ninety days or both." Since this section deals with the penalty of imprisonment and the penalty of a fine in exactly the same way, and the Municipal Court imposed the penalty of imprisonment and the penalty of a fine in exactly the same way, each is as much "the penalty imposed" as the other. Because "10 days" is not a "penalty * * * less than $50", the "penalty imposed" is not "less than $50".

It is clear and undisputed that petitioner's payment of the fine in order to avoid the imprisonment does not moot the case.[1]

Because petitioner was not imprisoned, this case does not involve the "question whether an alternative sentence of fine or imprisonment is an invalid discrimination between those who are able to pay and those who are not."[2] When the person sentenced cannot pay the fine and is therefore imprisoned, the constitutional question arises. The answer seems clear. The cases on which the court relies were decided many years ago,[3] and the constitutional question does not appear to have been raised. More recently, the Supreme Court has repeatedly held that "invidious discriminations" in the administration of criminal justice are unconstitutional. Griffin v. Illinois, 1956, 351 U.S. 12, 17, 76 S.Ct. 585, 100 L.Ed.

891; Eskridge v. Washington Prison Board, 1958, 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269; Burns v. Ohio, 1959, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209. Specifically, the Court has held that "There can be no equal justice where the kind of trial a man gets depends on the amount of money he has." Griffin v. Illinois, 351 U.S. 12, 19, 76 S.Ct. 585, 100 L. Ed. 891. Few would care to say there can be equal justice where the kind of punishment a man gets depends on the amount of money he has. That this continues to happen in the fifth year of the Griffin era does not imply that it could withstand appellate review. It escapes review. A defendant who goes to jail because he cannot pay a fine seldom has the means to appeal. And appeals from these short sentences would become moot before they could be decided. Cf. Thompson v. Louisville, 362 U.S. 199, 202, 80 S.Ct. 624, 4 L.Ed.2d 654.

Memorandum in Response to Dissent

BASTIAN, Circuit Judge, with whom BURGER, Circuit Judge, joins.

In order that our position with respect to the order entered this day may be clear, and made of record, this memorandum is written to accompany the dissenting opinion of Judge Edgerton.

Wildeblood was tried and found guilty by the Municipal Court, sitting without a jury, of the offense of soliciting for lewd and immoral purposes. § 22–2701, D.C. Code (1951). He was sentenced to pay a fine of $25.00 or, in lieu thereof, to serve ten days in jail. § 11–616, D.C.Code (1951). He promptly paid the fine, so no

---

1. District of Columbia v. Gardiner, 39 App.D.C. 389; Hartwell v. United States, 5th Cir., 107 F.2d 359. The contrary decision of the Municipal Court of Appeals (Cayton, J., dissenting) in Hanback v. District of Columbia, 35 A.2d 189, is erroneous.

A paid fine, unlike a served sentence, may be remitted. And "payment of the fine in accordance with the sentence was not a consent to the sentence, but a payment under duress." Holmes, J., in Commonwealth v. Fleckner, 167 Mass. 13, 44 N.E. 1053.

2. Statement of Judge Bazelon, filed Sept. 29, 1958, in connection with the allowance of an appeal from the Municipal Court of Appeals in Clarke v. United States, 1959, 105 U.S.App.D.C. 19, 263 F.2d 269.

3. Ex parte Jackson, 1877, 96 U.S. 727, 24 L.Ed. 877; Bowles v. District of Columbia, 1903, 22 App.D.C. 321; Hill v. Wampler, 1936, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283; Yeager v. District of Columbia, D.C.Mun.App.1943, 33 A. 2d 629.

question as to petitioner's "poverty" is involved, as Judge Edgerton seems to indicate. Petitioner sought no stay of the sentence pending appeal.

Thereafter, Wildeblood filed a petition for allowance of an appeal in the Municipay Court of Appeals. Acting in accordance with its discretion under § 11–772 of the Code,[1] which makes the allowance of criminal appeal discretionary in cases where penalties less than $50.00 are imposed, that court denied the appeal. As will be seen from the quoted section of the Code, note 1, supra, where appeal has been denied by the unanimous action of the three judges of the Municipal Court of Appeals "there shall be no further appeal." Nevertheless, Wildeblood petitioned this court for review.

Without reaching the question of jurisdiction to entertain the appeal, we remanded the case to the Municipal Court of Appeals, in essence holding that in cases such as this, involving grave moral turpitude and stigma, the Municipal Court of Appeals should appoint counsel to represent an indigent before proceeding on the merits of the application for appeal. We remanded to appoint counsel and to reconsider the disallowance of the appeal. Wildeblood v. United States, 1959, 106 U.S.App.D.C. 338, 273 F.2d 73.

The Municipal Court of Appeals duly complied with our mandate, permitted petitioner to file an amended application for allowance of appeal, appointed new counsel for appellant,[2] and required that a statement of proceedings and evidence be certified, to aid that court in ruling on the amended application. In compliance with the order, a trial transcript was filed by the court reporter. Prior to the filing of the transcript, an amended application for allowance of appeal had been filed, to which was appended a statement of law, points and authorities. On March 31, 1960, the application for discretionary appeal was denied, the court entering an order reciting their actions on the remand, and reading in part as follows:

> "The Chief Judge and the two Associate Judges of this court, having carefully considered the entire record, including the amended application, the transcript and the points and authorities of both counsel, and each of the judges being of the opinion that the appeal should be denied, it is

1. The pertinent part of § 11–772 provides as follows:

   "*Right to appeal—Final order or judgment* * * *.

   "(a) Any party aggrieved by any final order or judgment of The Municipal Court for the District of Columbia * * may appeal therefrom as of right to The Municipal Court of Appeals for the District of Columbia. * * * *Provided, however*, That reviews of judgments * * * in the criminal branch of the court where the penalty imposed is less than $50, shall be by application for the allowance of an appeal, filed in said Municipal Court of Appeals * * *. When the appealing party is not represented by counsel, it shall be the duty of the clerk to prepare the application in his behalf. The application for appeal shall be filed in The Municipal Court of Appeals for the District of Columbia within three days from the date of judgment. It shall be promptly presented by the clerk to the chief judge and to each of the associate judges for their consideration. If *they or*

*any one of them* are of the opinion that the appeal should be allowed, the appeal shall be recorded as granted, and the case set down for hearing on appeal, and given a preferred status on the calendar, and heard in the same manner as other appeals in said court. If *the chief judge and both associate judges* shall be of the opinion that an appeal should be denied, such denial shall stand as an affirmance of the judgment of the trial court, from which *there shall be no further appeal.* [Emphasis added.]

   "After the effective date of this subchapter, no writs of error or appeals, except in respect of judgments theretofore rendered, shall be granted by the United States Court of Appeals for the District of Columbia to the said Municipal Court * * *."

2. The Municipal Court of Appeals requested counsel appointed by this court to represent appellant in that court, but that counsel "for good and sufficient reasons" asked to be relieved from further service in the matter.

"Ordered that the application be and the same is hereby denied in accordance with Code 1951, 11–772."

When the matter again came before us, a majority voted to deny the petition for review of the action of the Municipal Court of Appeals in denying the appeal. Judge Edgerton dissented and filed a memorandum in which several points are raised, one among them being that petitioner's payment of the fine in order to avoid imprisonment did not moot the case. The majority made no such holding. In the view that we take, it was not and is not necessary to reach or pass on that point. We held simply that this is not a case in which we elect to exercise our discretionary power to review an action of the Municipal Court of Appeals. It is, in short, a denial of *certiorari.*

Our dissenting colleague states that "petitioner's sentence of $25.00 or 10 days was not a 'penalty * * * less than $50,'" and, therefore, that petitioner is entitled to appeal as a matter of right. The sentence in this case meant that, if petitioner did not pay the fine of $25.00, he would be imprisoned for a period of 10 days. That he was able to pay the fine is shown by the fact that it was immediately paid.

The heavy burden of cases in this court made necessary the establishment of the Municipal Court of Appeals, with right to come to this court only on petition of writ of error. The legislative history of the Act establishing the Municipal Court and the Municipal Court of Appeals, and the reasons back of the adoption of § 11–772 of the Code, are found in the Reports of the House and Senate Committees.[3] From these, it appears that it was determined that the Municipal Court of Appeals should consider all appeals as a matter of right where imprisonment is the penalty imposed; but, in the case of a fine, that that court need consider only the appeals in those cases where the fine exceeds $50.00. This provision was attached to that part of the Act which allows appeals in civil matters as a matter of right where the amount involved is $50.00 or more. To make it abundantly clear that the Municipal Court of Appeals is not obliged to take jurisdiction of cases where the penalty imposed is less than $50.00, Congress stated specifically that the appeal shall be denied *if all three judges of the court are of that opinion,* but, if they or any one of them believe that jurisdiction should be taken, then the appeal to that court shall be granted.

In the instant case, the Municipal Court of Appeals has twice considered the matter. Our remand in the case in the first instance was not in any sense a direction to that court to take jurisdiction of the appeal but was simply a direction that it should afford counsel before passing on the question, in order that the rights of petitioner might be adequately protected. On the remand, the Municipal Court of Appeals not only reconsidered the matter but also received and reviewed a copy of the trial transcript; and, after consideration by all three judges, all were of the opinion that the appeal should be denied. There is nothing in the record to warrant our disturbing that finding or taking the case.

It is perfectly obvious that if the appeal in this case were to be allowed as a matter of *right*, it would mean that § 11–772 would be rendered nugatory. In practically every criminal case before it resulting in a conviction where the Municipal Court orders a fine, it adds the provision for a jail term on failure to pay the fine. If the view of our dissenting colleague were to be adopted, the practical result would be that appeal may be taken in every case as a matter of right. This we do not believe was the intent of Congress. § 11–616 of the Code reads:

"*Prosecutions—Jury trials—Default of fines—Penalty.*

"Prosecutions in the police court shall be on information by the prop-

---

3. H.R.Rep. No. 5784, 77th Cong., 1st Sess. (1941); H.R.Rep. No. 1236, S.Rep. No. 1116, 77th Cong., 2d Sess. (1942); 88 Cong.Rec. 1838, 2817, 2981 (1942).

er prosecuting officer. In all prosecutions within the jurisdiction of said court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury, unless the accused shall in open court expressly waive such trial by jury and request to be tried by the judge, in which case the trial shall be by such judge, and the judgment and sentence shall have the same force and effect in all respects as if the same had been entered and pronounced upon the verdict of a jury.

"In all cases where the accused would not by force of the Constitution of the United States be entitled to a trial by jury, the trial shall be by the court without a jury, unless in such of said last-named cases wherein the fine or penalty may be more than $300, or imprisonment as punishment for the offense may be more than ninety days, the accused shall demand a trial by jury, in which case the trial shall be by jury. In all cases where the said court shall impose a fine it may, in default of the payment of the fine imposed, commit the defendant for such a term as the court thinks right and proper, not to exceed one year."

This section [then Section 44, D.C. Code, 1901] [4] was before this court in Bowles v. District of Columbia, 22 App. D.C. 321, where substantially the same contention was made as is set forth in our dissenting colleague's opinion. There the defendant had been charged with violation of a municipal ordinance for which the maximum penalty was $40.00. His demand for a jury trial as a matter of right was refused. He was tried, found guilty and adjudged to pay a fine of $25.00 and, in default of payment, to be committed to the workhouse for sixty days. It was contended that what is now § 11–616 of the Code, under

consideration there (and here), required the grant of a jury trial since, although the maximum penalty for the offense was a fine of $40.00, the Act also provided for the sentence of an imprisonment which might last for more than thirty days as a punishment. It was argued that this provided for alternative punishment by imprisonment for thirty days or more and therefore entitled the defendant to a jury trial. The court said:

"The vice of this argument is so patent that it requires no great amount of consideration. If it were well founded, every violation of a municipal ordinance would have to be tried by a jury; for it would always be in the power of the accused to refuse to pay a fine imposed, and thereby to force an imprisonment, if the municipal ordinance is not to become a nullity and a mockery. The result of such a contention as this, if established, it is unnecessary to describe. It must suffice to say that, under such a construction of the law, which would practically allow a party to take advantage of his own wrong, municipal ordinances would become worthless and municipal chaos would take the place of law and order. The condition which would be superinduced would be intolerable." Id. at pages 327–328.

The court then continued:

"But plainly the law means nothing of this kind. Imprisonment is not provided either by the ordinance or by the Code as an alternative punishment; but imprisonment is very properly provided as the only available mode for the enforcement of the fines imposed as punishment. Without it there would be no practicable means for the enforcement of fines. When imprisonment is provided as an alternative punishment, it is proper so to state, and it is so stated in the laws and ordinances.

---

**4.** Section 44 of the D.C.Code, 1901, is the same as present § 11–616 except that the Act of March 3, 1925, amended the second paragraph by changing the words "fifty dollars or more" to "more than three hundred dollars," and the words "thirty days or more" to "more than ninety days."

598

Imprisonment could not be imposed in this case primarily; and it is always competent for the party to avoid it by paying his fine. It would not be competent for him to avoid it if it were originally imposed as punishment." Id. at page 328.

Bowles was followed and relied on by the Municipal Court of Appeals in the case of Yeager v. District of Columbia, 33 A.2d 629, which is criticized by our dissenting colleague; however, we adhere to the ruling laid down in Bowles.

In addition, it is of interest to note that in the case of Ex parte Jackson, 96 U.S. 727, 24 L.Ed. 877, the Supreme Court held that when a party is convicted of an offense and sentenced to pay a fine, it is within the discretion of the court to order his imprisonment until the fine shall be paid. And, to the same effect, see Hill v. Wampler, 298 U.S. 460, 56 S. Ct. 760, 80 L.Ed. 1283, in which the Supreme Court said:

"The payment of a fine imposed by a court of the United States in a criminal prosecution may be enforced by execution against property in like manner as in civil cases * *. In the discretion of the court the judgment may direct also that the defendant shall be imprisoned until the fine is paid * * *. If the direction for imprisonment is omitted, the remedy by execution is exclusive. Imprisonment does not follow automatically upon a showing of default in payment. It follows, if at all, because the consequence has been prescribed in the imposition of the sentence. The choice of pains and penalties, when choice is committed to the discretion of the court, is part of the judicial function. This being so, it must have expression in the sentence, and the sentence is the judgment." Id. at pages 463–464, 56 S.Ct. at page 762.

We do not think these cases are overruled by Griffin v. Illinois, 331 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, as is suggested by Judge Edgerton.

Finally, it is contended by petitioner that he should have appellate consideration of the question of whether his conviction is consistent with the great caution with which uncorroborated testimony to an invitation to sodomy should be received, citing Kelly v. United States, 1952, 90 U.S.App.D.C. 125, 194 F.2d 150. We adhere, of course, to the rule in Kelly, and the short answer is that there was ample corroboration in the instant case.

Officer Vaughan, a detective in plain clothes, and the petitioner were strangers. They were observed in conversation late at night at a bus terminal. Thereafter, they walked some four or five blocks to the outside of petitioner's basement apartment, where the arrest was made after Officer Vaughan had identified himself as a police officer. While it is true that only Officer Vaughan testified as to the solicitation, Police Officer Boyd, who had witnessed the whole affair, although not near enough to the two to hear their conversation, followed them from the bus terminal to petitioner's apartment and he too identified himself. It is significant that, when the Government attempted to ascertain what conversation took place upon Officer Boyd's arrival on the scene, the petitioner objected.[5] The trial court then recognized and applied the ruling in Kelly.

Reading the order denying the application for leave to appeal entered on the unanimous action of the three judges of the Municipal Court of Appeals, who have twice considered whether to take this case, and the statement of that court quoted above, we see no basis consistent with the statute on which we should direct the Municipal Court of Appeals to take the case. To do so would completely frustrate the intent of Congress in the enactment of § 11–772.

We think we should add that petitioner's counsel urges that the Municipal Court of Appeals should allow appeals in

5. For some reason, the trial court sustained petitioner's objection.

all disputed convictions (no matter what the penalty) for crimes involving moral turpitude. We decline to impose such an obligation on that court. This would mean reading into the statute something that is not there, and the rewriting of any statute is a constitutional function of the legislative branch.