Keating, J.
Bernard Gittelson was the president and treasurer of a rather successful public relations firm in New York City. He was retained by a parking meter company which was desirous of selling its meters to the city.
Mr. Gittelson informed two officers of the company that they could improve their public relations with the city by easing the financial burdens of certain public officials who would presumably have a say in deciding from whom parking meters would be purchased. He indicated that $50,000 would be required to establish this necessary good will. The officers of this company, no doubt concerned that the people of the city have the best operating parking meters available, if not the most honest or effective government, coughed up the money.
Apparently word of this extraordinary idea for improving the public relations of the parking meter company got out. And an investigation of the matter was begun by a New York County Grand Jury.
While appearing before the Grand Jury and immunized from prosecution for any crime to which his testimony related, the defendant deliberately perjured himself. He was subsequently indicted on 27 counts of perjury, of which he pleaded guilty to 10 counts. Following his plea of guilty, the defendant was sentenced to one year in prison on each of the 10 counts — the sentence on each count to run concurrently. He was also fined $5,000 on each count with an alternative six-month sentence in default of payment on each count — the sentences to run consecutively. Thus the over-all effect of the sentence was one year in jail and a $50,000 fine or five additional years in the event of nonpayment.
Finding the sum of $50,000 not as reasonable as he once thought it to be, the defendant appealed to the Appellate Division, charging that the sentences were ‘ ‘ unduly harsh and *430 excessive. ’ ’ The Appellate Division which has, under section 543 of the Code of Criminal Procedure, complete jurisdiction to review the sentencing Judge’s exercise of discretion and reduce sentences which it finds “ unduly harsh and excessive ”, affirmed the sentence after concluding that it was arrived at “ following a conscientious and thorough investigation and consideration of all relevant factors
The defendant now appeals, by permission of the lone dissenting Justice below, from that determination. Before considering the points raised on this appeal it might be worth noting at this point that the defendant, though entitled to a stay in the enforcement of the alternative prison sentence,[1] has voluntarily paid the $50,000 fine and has also served the one-year prison term.
Since the sentence imposed by the Trial Judge was well within the limits of the statute and since we have no power to review the appropriateness of a discretionary sentence (People v. Speiser, 277 N. Y. 342, 344) we are limited on this appeal to the question of whether the punishment imposed upon this defendant is violative of the due process or equal protection clauses of the Federal or State Constitution.
As to the latter claim, the defendant urges that his liabilities exceeded his assets and, as a result of his indigence, he would serve an alternative prison sentence, whereas a wealthy defendant would pay the fine and go scot free.
In People v. Saffore (18 N Y 2d 101, 104) we held that, “ when payment of a fine is impossible and known by the court to be impossible, imprisonment to work out the fine, if it results in total imprisonment for more than a year for a misdemeanor, is unauthorized by the Code of Criminal Procedure and violates the defendant’s right to equal protection of the law, and the constitutional bar against excessive fines ”.
In that case, unlike the case at bar, the defendant was an indigent who had no assets whatever and whose alternative sentence, in the event of nonpayment, exceeded that authorized in the statute. We need not here engage in an extensive re-exam *431 ination of the facts in order to determine whether the evidence before the Trial Jndge was sufficient to establish the defendant’s indigency; nor need we determine whether the indigency or insolvency are necessarily synonymous for the purpose of the questions involved in this appeal. Suffice it to say, that there are few indigents in this country who could have paid a $50,000 fine as the defendant has. And because the defendant has paid the fine and “ was not imprisoned, this case does not involve the ‘ question whether an alternative sentence or imprisonment is an invalid discrimination between those who are able to pay and those who are not.’ ” (Wildeblood v. United States, 284 F. 2d 592, 594 [D. C. Cir., 1960].)[2]
We turn now to the nest point urged by the petitioner that “ The fixation of appellant’s sentence with respect to the $50,000 fine with its alternative consecutive prison terms on the basis of considerations wholly foreign to the crime of perjury to which he pleaded guilty, constituted a deprivation of his constitutional right of due process under the State and Federal Constitutions.”
We believe that the factors considered by the Trial Judge at sentencing were entirely proper and that no violation of his right to due process occurred. Before exploring this question, it might be noted that the Supreme Court has stated that in imposing sentence ‘ ‘ justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offender” (Pennsylvania v. Ashe, 302 U. S. 51, 55; emphasis added).
The defendant, taking him at his word, concocted a story about bribing a public official in an attempt to defraud a corporation doing business with the city in the sum of $50,000, There never having been, according to him, such an official, the defendant kept the money for himself. When called before a Grand Jury investigating his actions, where all compulsion was removed by a grant of immunity, he deliberately perjured himself.
*432 By these actions he not only defrauded the corporation of $50,000 and cast doubt on the honesty and integrity of members of the city government but hampered an investigation by a duly constituted Grand Jury.
There can be no question that the sentencing Judge was justified in taking these factors into consideration and in imposing the sentence which he did. Indeed, it appears that the Trial Judge insisted that the defendant not be allowed to plead guilty to less than 10 counts in order that ‘‘ justice or retribution might be done so that he might give up the fifty thousand dollars.”[3]
It appears, however, that the Judge considered an additional factor in his deliberation. After the defendant pleaded guilty he returned to the Grand Jury once again to answer questions. Both the Trial Judge and the Appellate Division found the defendant’s testimony regarding the disposition of part of the $50,000 “ bribe money ” to be unworthy of belief. This factor could hardly be said to be unrelated to the crime for which the defendant was sentenced. However, the defendant claims that the purpose of this sentence was to coerce him to go once again before the Grand Jury and this constitutes a violation of due process.
This contention was effectively answered by the Appellate Division in its decision. The court stated that “ It is well to note that, under the Code of Criminal Procedure (§ 484), the power exists in the court to remit a fine or any portion thereof; and insofar as the defendant’s lack of co-operation may have been a factor in fixing the fine, the defendant was not left without a remedy in case he demonstrated his willingness to assist the District Attorney or present satisfactory proof of his actual and truthful inability to give further material information in aid of the investigation ” (25 A D 2d 265, 268).
Assuming, however, it was error for the Trial Judge to base his sentence on that fact alone, it is obvious that the record, independent of this consideration, when read as a whole, is *433 sufficient to warrant tlie sentence imposed. And the Appellate Division which has the power to reduce the sentence — in effect resentence — so found.
The judgment of the Appellate Division should be affirmed.
Chief Judge Desmond and Judges Ftíld, Van Voobhis, Bueke, Soileppi and Beegan concur.
Judgment affirmed.

. The defendant became entitled to such a stay when the Justice of the Appellate Division who granted permission to appeal to the Court of Appeals issued a certificate of reasonable doubt in accordance with section 528 of the Code of Criminal Procedure.

. The quotation is from the dissenting opinion of Judge Edgbbton. However, the entire court was in agreement as to this particular point. (See 284 F. 2d 592, 595.)

. Such reasoning is by no means novel or unreasonable. “ In cases in which a defendant is sentenced to imprisonment the added penalty of a fine ordinarily does not serve any useful social purpose except in cases in which the defendant derived from his crime a direct financial benefit which he should be made to disgorge.” (1940 Report of U. S. Attorney General, p. 10; see, also, Law of Criminal Correction [Rubin ed., 1963], p. 238.)