**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Roscoe BROWN, also known as Sam, also known as Samuel Morris, Defendant-Appellant.**

**No. 16772.**

United States Court of Appeals
Seventh Circuit.

June 6, 1969.

Joseph E. McHugh, Chicago, Ill., for appellant.

Thomas A. Foran, U. S. Atty., Robert J. Breakstone, Chicago, Ill., for appellee, John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., of counsel.

Before HASTINGS, Senior Circuit Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

SWYGERT, Circuit Judge.

This case raises the question whether the trial court erred in giving the so-called Allen charge. Petitioner attacks the constitutionality of the Allen charge in light of the fifth and sixth amendments. It is his claim that the instruction interferes with his right to a fair and impartial jury trial and that it is coercive because it unduly emphasizes the importance of reaching a verdict.

On November 15, 1966 Roscoe Brown, the defendant, was indicted and charged under two separate counts with certain narcotics offenses, namely, violations of 26 U.S.C. §§ 4742(a) and 4705(a). The jury heard the evidence for one full day, November 7, 1967, and about one hour on the morning of the second day, November 8. In light of the fact that no errors have been raised upon this appeal with respect to the sufficiency or nature of the evidence, it is unnecessary to set forth the facts of the case in any detail. Suffice it to say that according to the testimony at trial, three Federal Narcotics agents, Frank J. Boyles, Carl Jackson, and Robert Victoria, indicated that on February 1, 1966 the defendant sold to agent Boyles a quantity of marijuana, and that on April 6, 1966, the defendant delivered to the same agent a package of heroin. The defendant denied both transactions. According to the stipulation of the parties, after the jury was instructed by the district judge, they retired to the jury room at approximately 11:45 a. m. At 4:30 p. m. the same day, the judge, over the general objection of the defendant's counsel, ordered the jury back into open court. The judge reread the instructions he had previously given to the jury and then gave the following further instructions:

In a large proportion of cases, absolute certainty cannot be expected. Although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of others, yet you should examine the questions submitted with proper regard and deference for the opinions of each other, and you should listen to each others' opinions with a disposition to be convinced.

It is your duty to decide the case if you can conscientiously do so. If a larger number of jurors favor a verdict of guilty, a dissenting juror should consider whether his doubt is a reasonable one when it makes no impression upon the minds of other jurors equally intelligent and impartial who have heard the same evidence.

If, on the other hand, the majority favor a verdict of not guilty, the minority should ask themselves whether they might not reasonably doubt the correctness of their judgment. Likewise, the jurors in the majority favoring a verdict of guilty or of not guilty, should ask themselves whether they might not reasonably doubt the correctness of their judgment when it makes no impression upon the minds of the minority jurors equally intelligent and impartial as they are, and who have heard the same evidence.

If you should fail to agree on a verdict, the case must be retried. Any future jury must be selected in the same manner and from the same source as you have been chosen, and there is

no reason to believe that the case would ever be submitted to twelve men and women more competent to decide it, or that the case can be tried any better or more exhaustively than it has been here, or that more or clearer evidence could be produced on behalf of either side.

This supplemental charge encompassed in large part the language approved by the Supreme Court in Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896); it was also in substantial accord with an instruction approved by the District Court for the Northern District of Illinois as part of the Manual on Jury Instructions-Criminal, 33 F.R.D. 523, 611, 612 (1963). Although this contested charge was given at 4:30 p. m., the jury continued its deliberations. The jury's sealed verdict of guilty as to the first count relating to the marijuana charge and not guilty as to the heroin count was opened in court the following morning.

■ The challenge to this Allen-type charge rests on the defendant's conception of the present contours of the right under the sixth amendment to trial by an impartial jury. Relying on recent decisions of the Supreme Court such as Sheppard v. Maxwell, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), the defendant outlines the Court's continuing concern about safeguarding the jury from improper and coercive influences which might create a potential for prejudice against the rights of a defendant. We do not think that substantial interference with the jury's free deliberations so as to have created a prejudicial atmosphere occurred here. Admittedly lacking in this case are the overt coercive elements which were present, for example, in Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965), where the two principal witnesses for the prosecution, deputy sheriffs, had mingled freely with the sequestered jurors during the period of the trial, driven the jurors from their quarters, and had taken meals to them. In that case, as well as the publicity cases, such as Sheppard v. Maxwell, the Court noted that the objective situation was such that there was a strong possibility that the jurors would be swayed by their personal feelings to accept testimony against the accused without question. We are unable to conclude that the language of the supplemental charge here given when considered in light of its timing interfered with the sixth amendment right of the defendant.

■ The second contention of the defendant is that the emphasis of the supplemental charge upon the importance of reaching a verdict and not upon an individual juror's voting in accordance with his conscientious conviction is coercive and hence violative of due process. We agree with the defendant that the potential for coercion exists whenever an apparently deadlocked jury is subjected to the psychological impact of a supplemental instruction from the judge that they continue deliberating in a further effort to reach a verdict. The defendant has suggested that a mistrial from a hung jury is a safeguard to liberty.[1] But to fully recognize the importance of a mistrial in our system of criminal justice and to carefully seek avoidance of unconstitutional coercion of the juror's judgment does not necessitate our holding that no form of supplemental instruction is proper. In our opinion, additional instructions, similar to those given in the present case, may serve a beneficial role in the adjudication of cases despite the possibility of rare prejudice to the defendant. The defendant urges that coercion is present whenever the judge recalls the jury after hours of deliberation. We disagree. We think that carefully worded and timed supplemental instructions are not necessarily unfair. Although we have reviewed the evidence in the instant case and have attempted to gauge the effect of the supplemental charge upon the jury, it would be less than candid to say that we have applied any coherent theory

1. *See also* Judge Brown's dissenting opinion in Huffman v. United States, 297 F.2d 754, 759 (5th Cir.), *cert. denied*, 370 U.S. 955, 82 S.Ct. 1605, 8 L.Ed.2d 820 (1962). *Cf.* United States v. Kahaner, 317 F.2d 459, 484 (2d Cir. 1963).

of what constitutes a coercive charge. Because the available tests of coercion are so imprecise in deciding the propriety of giving an Allen-type charge we are forced to indulge in a form of question-begging. This is necessarily so when dealing with the issue herein presented. The current scholarship in this area likewise recognizes our dilemma. *See* Note, On Instructing Deadlocked Juries, 78 Yale L.J. 100, 105 (1968).

Federal courts are continually faced with the question whether the Allen charge or any of its variations constitute an unwarranted intrusion by the court upon the province of the jury. No court has held that the Allen instruction itself is unconstitutional. That is what the defendant has asked us to do. We are unwilling to take this step. Nonetheless, some state courts, *e. g.*, State v. Randall, 137 Mont. 534, 353 P.2d 1054 (1960), and State v. Thomas, 86 Ariz. 161, 342 P.2d 197 (1959), have banned the Allen charge on supervisory grounds.

Recently, however, the form of the Allen charge which is generally given in this Circuit and set forth at 33 F.R.D. 523, 611 (1963) as part of the LaBuy Jury Instruction Manual has been subjected to criticism by several members of this court. The common critical themes which have been evoked by these judges are that the charge has coercive potential and thus should be invoked most sparingly and cautiously by the district judge[2] and that the charge contains an "untruth," namely, the admonition that the case "must be retried" if the jury fails to reach a decision.[3] The commentators have not been enthusiastic about use of the Allen charge either. Agreeing with judicial criticisms of the charge, some have suggested its abolition or infrequent invocation. *See* Note, Deadlocked Juries And Dynamite: A Critical Look at The "Allen Charge," 31 U.Chi.L.Rev. 386 (1964); Note, Due Process, Judicial Economy And The Hung Jury: A Re-Examination Of The Allen Charge, 53 Va. L.Rev. 123 (1967); Note, On Instructing Deadlocked Juries, 78 Yale L.J. 100 (1968). See also American Bar Ass'n Project On Minimum Standards For Criminal Justice, Trial By Jury 146–56 (Approved Draft, 1968), suggesting the abandonment of the charge and its replacement by a statement of the jurors' duties in the charge-in-chief, but providing for repetition of the statement as a supplemental instruction.

Because the district courts within this Circuit have encountered difficulties in determining what precise language to include in a supplemental charge and when it should be given, it is important for this court to articulate with specificity our standards. In dealing with supplementary instructions, the primary task of an appellate court is to set the standards for the proper conduct of the trial judge faced with a hung jury. We have reconsidered not only the presently approved form of the Allen charge as set forth in the LaBuy Instructions, but the numerous judicial decisions and scholarly literature in this field critical of the Allen charge. We have concluded that it would serve the interests of justice to require under our supervisory power that, in the future, district courts within this Circuit when faced with deadlocked juries comply with the standards suggested by the American Bar Association's Trial By Jury publication. These standards specifically provide:

> 5.4 Length of deliberations; deadlocked jury.
>
> (a) Before the jury retires for deliberation, the court may give an instruction which informs the jury:
>
> (i) that in order to return a verdict, each juror must agree thereto;
>
> (ii) that jurors have a duty to consult with one another and to de-

---

2. *See, e. g.*, United States v. Knaack and Segoviano, No. 16271, 7 Cir., 409 F.2d 418 (Judges Castle, Fairchild and Cummings); United States v. Bates, 407 F. 2d 590, 596 (7th Cir. 1969) (Judges Major, Kiley and Fairchild).

3. *See* Judge Cummings' dissent in United States v. White, 382 F.2d 445, 450 (7th Cir. 1967).

liberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii) that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(iv) that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(v) that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(b) If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a). The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

■■ The defendant has not shown that the supplemental charge was sufficiently prejudicial to warrant reversal in the instant case. The district judge followed the form of instruction that has been approved and uniformly employed in the Northern District of Illinois since 1963. Under the circumstances, the judgment of the district court is affirmed. We are convinced, however, that the Allen-type charge given in this case contains elements which are in conflict with the American Bar Association's recommended standards. In order to avoid the potential for prejudice and coercion to which we have referred, district courts in this Circuit are required henceforth to charge deadlocked juries in both criminal and civil cases [4] in a manner consistent with the recommended standards.[5]

---

4. We perceive no distinction between criminal and civil cases.

5. This opinion has been circulated to the full court. No judge has requested a hearing en banc.