STATE OF NEBRASKA, APPELLEE, V. STEVEN R. GARZA, APPELLANT.

176 N. W. 2d 664

Filed April 24, 1970. No. 37314.

Paul E. Watts, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

NEWTON, J.

Steven R. Garza was charged in the district court for Cass County, Nebraska, with the offense of stabbing one Robert Fuller with the intent to kill, wound, or maim. Defendant contended that he acted in self-defense. The jury returned a verdict of "guilty" and defendant has appealed to this court. We reverse the judgment of the trial court and remand the cause for a new trial.

Defendant has briefed and argued but two propositions. The first deals with a supplemental oral instruction to the jury. No question regarding the failure to reduce the instruction to writing has been presented, but it is challenged as being coercive. After the jury had deliberated for some time, it reported that it was hopelessly deadlocked at 11 to 1. The court then admonished the jury as follows:

"Well, of course, I recognize and appreciate the fact that you have been out now for better than 15 hours, but in justice to all the parties, the State, and society, and the defendant, *I feel, especially in view of the fact that the vote is now 11 to 1, that this case should be disposed of by your verdict, and it is certainly my earnest hope and, likewise, my firm belief that this can be accomplished. And, especially in view of the fact that the vote is 11 to 1, I just can't be convinced that there is no possibility of your agreeing.* I certainly have every confidence in our jury system and I've got every confidence in you ladies and gentlemen as jurors in this case, and I am going to ask you again to retire to your jury room and *I'm going to ask you to earnestly renew your efforts to come to a verdict in this case.* And I will check with you later on again this afternoon. Thank you very much." (Emphasis supplied.) Forty-five minutes later a verdict of guilty was arrived at.

This type of instruction is commonly referred to as the

"Allen charge." In the case of Allen v. United States, 164 U. S. 492, 17 S'. Ct. 154, 41 L. Ed. 528, supplemental instructions were given which were, in substance: "* * * that in a large proportion of cases absolute certainty could not be expected; that although the verdict must be the verdict of each individual juror, and not a mere acquiescence in the conclusion of his fellows, yet they should examine the question submitted with candor and with a proper regard and deference to the opinions of each other; that it was their duty to decide the case if they could conscientiously do so; that they should listen, with a disposition to be convinced, to each other's arguments; that, if much the larger number were for conviction, a dissenting juror should consider whether his doubt was a reasonable one which made no impression upon the minds of so many men, equally honest, equally intelligent with himself. If, upon the other hand, the majority was for acquittal, the minority ought to ask themselves whether they might not reasonably doubt the correctness of a judgment which was not concurred in by the majority." The instructions were approved, and this decision was followed in United States v. Barnhill, 305 F. 2d 164 (6th Cir., 1962).

Considerable confusion is evidenced by the decisions of the various jurisdictions on this type of instruction. It appears, generally speaking, that although the decisions have been based on the language used in each individual case, the determining feature has been a finding of whether or not the instruction tended to coerce a dissenting juror or jurors.

In Nebraska a rather broad rule has been adopted. In Potard v. State, 140 Neb. 116, 299 N. W. 362, an Allen-type instruction was rejected. The court stated: "We are of the opinion that the giving of this instruction is prejudicial error. The only purpose that can be gleaned from it is that the trial court was peremptorily directing an agreement. In this the court invades and trespasses upon the province of the jury. The defendant in

a criminal case is entitled to an acquittal unless each of the twelve men on the jury is convinced beyond a reasonable doubt of the guilt of the defendant without being importuned or coerced by the trial court. The defendant is entitled to the benefit of a disagreement by the jury. The very fact that each member of the jury must be convinced beyond a reasonable doubt of the guilt of the defendant before a conviction can be had evidences the fact that jurors who are not convinced beyond a reasonable doubt of the guilt of the defendant are obligated to sustain their convictions, even if a disagreement is the result. Of course, verdicts ought to be agreed upon if possible. On the other hand, a disagreement may result because of the very oath taken by a juror as it may be the only way that his reasonable doubt may be manifested. In such a case, disagreement of the jury is a protecting right to which a defendant is entitled.

"The attempt of the court in this instruction to absolve himself from any intent to press or coerce a verdict is of no avail. The prestige of a trial court with the ordinary jury is well known. Any attempt by the court to encourage a verdict will be seized upon by the majority as a coercive argument against the minority, especially if the minority be small. Such a situation does not meet the constitutional requirements of a speedy, public trial by an impartial jury."

The language used is sufficiently broad to require the rejection of any genuine Allen-type instruction.

We are not inclined to approve the Allen-type instruction, but rather, to adhere to the rule found in Potard v. State, *supra*. We do believe that the rule advanced in United States v. Brown, 411 F. 2d 930 (7th Cir., 1969), is consistent with our present rule and merits approval. This rule requires compliance with section 5.4 of the ABA Standards Relating to Trial by Jury:

"Length of deliberations; deadlocked jury.

(a) Before the jury retires for deliberation, the court

may give an instruction which informs the jury:

(i)    That in order to return a verdict, each juror must agree thereto;

(ii)    that jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(iii)    that each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(iv)    that in the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(v)    that no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(b)    If it appears to the court that the jury has been unable to agree, the court may require the jury to continue their deliberations and may give or repeat an instruction as provided in subsection (a).    The court shall not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals."

It may be observed that the instruction in the present case violates the rules advanced in both Potard v. State, *supra,* and United States v. Brown, *supra.*    Here the court made it very clear that in its judgment a verdict could and should be arrived at.    It was tantamount to telling the dissenting juror that he was wrong.    The prestige of the court was used to bring him into line with his fellow jurors.    It presented a clear invasion of the rights of the jury and prevented the defendant from having his fate determined by an impartial and uncoerced jury.

As a second proposition, defendant insists he is entitled to the benefit of the provisions of Laws 1969, c. 233, § 1, p. 862.    Since the judgment must be reversed

on the ground previously mentioned, it is unnecessary to determine at this time the applicability and effect, if any, of this statute in the present case.

The judgment of the trial court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.