**STATE of Missouri, Respondent,**

v.

**Bob ROBINS, Appellant.**

**No. 55720.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

As Modified on Court's Own Motion
April 13, 1971.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

Lewis E. Pierce, Pierce, Duncan, Hill & Russell, Kansas City, for appellant.

FINCH, Judge.

Defendant, charged under the Second Offender Act (§ 556.280, V.A.M.S.) with a prior conviction and with assault with intent to kill with malice aforethought, was convicted by a jury of assault with intent to kill without malice (§§ 559.180; 559.190, V.A.M.S.). The trial court found that defendant had a prior conviction and sentenced him to imprisonment for five years, from which he has appealed. We affirm.

At the conclusion of the evidence, the court instructed the jury on assault with intent to kill with malice, assault with intent to kill without malice, and common assault, giving verdict forms covering each possible verdict. After the jury had deliberated a little over two hours, the court

received indication that it had agreed on guilt but not upon the particular offense of which defendant should be convicted. The jury was brought to the courtroom and the foreman was asked whether he thought the jury would be able to reach a verdict. He said "yes," and the jury then was sent back for further deliberations.

In about fifty minutes the jury again was returned to the courtroom and the court asked the foreman to state how the jury stood numerically, without indicating how many were for a verdict of guilty and how many for acquittal. The foreman stated that they stood eleven to one. Thereupon, over the defendant's objection, the court gave the following additional instruction:

"INSTRUCTION NO. 12

"At this time, after you have been deliberating, I give you this additional instruction. It is desirable that there be a verdict in every case. It costs considerable money and time and effort to try any lawsuit and the parties are entitled to have their rights determined once and for all in every case, and the twelve jurors chosen to try this case should be as well qualified to do so as any other twelve that might hereafter be chosen. While I want to make it clear that no juror should ever agree to a verdict that violates the instructions of the Court, nor find as a fact that which under the evidence and his conscience he believes to be untrue, yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding endeavor to bring the deliberation of the whole jury to an agreement upon a verdict."

The jury then resumed deliberations and in about fifty minutes returned to the courtroom with a verdict acquitting the defendant of assault with intent to kill with malice and convicting him of assault with intent to kill without malice.

The single issue raised in the motion for new trial and in the brief on appeal relates to the giving of Instruction No. 12. Defendant does not complain that the instruction was erroneous or that it constituted coercion by the court or a comment on the evidence. Rather, the sole objection raised is that Instruction No. 12 should have been given along with other instructions at the close of the evidence, and that giving it at the time it was given violated Supreme Court Rule 26.02, V.A.M.R., and was reversible error for that reason.

We do not find that the giving of Instruction No. 12 violated Rule 26.02. That rule provides for the order of trial and that instructions on all questions of law are to be given at the conclusion of the evidence. Instruction No. 12 merely suggested to the jury the desirability of reaching an agreement if they could do so consistent with the court's instructions and the evidence believed by each juror to be true. It actually was not an instruction on the law of the case. Such an instruction, given after the jury has been deliberating, has been approved by this court on several occasions since the adoption of Rule 26.02 and its statutory predecessor, § 546.070, V.A.M.S. See State v. McDaniel, Mo., 392 S.W.2d 310; State v. Smith, Mo., 431 S.W.2d 74. Similar instructions are given repeatedly in the federal courts. United States v. Brown, 7th Cir., 411 F.2d 930, cert. den. 396 U.S. 1017, 90 S.Ct. 578, 24 L.Ed.2d 508; United States v. Pope, 8th Cir., 415 F.2d 685; Munroe v. United States, 10th Cir., 424 F.2d 243. We find no prejudicial error in the giving of the instruction after the jury had deliberated a reasonable time.

Judgment affirmed.

All of the Judges concur.