The **PEOPLE OF** the **TERRITORY OF GUAM**, Plaintiff-Appellee,

v.

Pedro A. **CAMACHO**, Jr., Defendant-Appellant.

No. 72–1378.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1972.

Douglas F. Cushnie (argued), John J. Carniato, of Arriola, Bohn, Cushnie & Stevens, Agana, Guam, Walnut Creek, Cal., for defendant-appellant.

James Coyle, Asst. Atty. Gen. (argued), Joseph C. Barron, Asst. Atty. Gen., George Lawler, Deputy Atty. Gen., Vincent T. Perez, Atty. Gen., Agana, Guam, for plaintiff-appellee.

Before CHAMBERS, ELY and WALLACE, Circuit Judges.

CHAMBERS, Circuit Judge:

The judgment of conviction on the first count is reversed and on the second count is affirmed.

Camacho, a police officer, was assisted in burglarizing the Filipinas Mart in Agana, Guam, by another officer, Gregorio P. San Nicolas. Most of the testimony by volume was from San Nicolas, who said he was going along as an undercover police agent. Who commissioned him, if such he was, is not clear.

The convictions were under the Guam Penal Code, and Guam has a statute requiring corroboration of the testimony of accomplices. An instruction to the effect that the testimony of an accomplice (i. e. San Nicolas) must be corroborated was refused. The court relied on the usual rule on prosecution of federal crimes that independent corroboration is not required.

The Guam legislature did not invent burglary. But it created the crime of burglary for Guam. We hold that its rule of corroboration, Guam Penal Code § 1111, goes with it as a substantive matter.

It was not less than a question of fact whether San Nicolas was an accomplice.

■ But we hold no harm was done. We find ample independent corroborative evidence of Camacho's participation. The corroboration does not have to be line for line corroborative. But it should show enough to indicate that the accomplice's evidence may be found trustworthy. Such evidence was here.

As a caveat, we assert that we go no further than making a ruling on an accomplice's testimony about a crime created by Guam. Our holding should not be given a broad sweep.

■ We reject the contention of error in receiving evidence of similar conduct on other days. Such evidence showed a pattern—a modus operandi—and is traditionally admissible.

The prosecutor's argument at points exceeded propriety. But no objection was made. Some remarks almost reached "plain error," but we are not convinced they did here. But such a course, if continued, is going to result sometime in sad consequences for the government.

As to the first count for first degree burglary (e. g. breaking into an inhabited dwelling or going in with a deadly weapon) in its brief, the government conceded a reversal. Then on the eve of argument, it informally attempted to revise its position. In the posture here, we cannot accept it.

■ Certainly the building at the critical times was neither occupied nor inhabited. There seems to have been testimony, inadvertently omitted from the transcript, that Camacho did go in with his "sidearm on." If we were to consider it, we would have to reach such questions as whether (absent a showing that the sidearm was a gun and absent a showing that a gun was loaded) it could be said there was a deadly weapon. We might get over the first half of the question easier than the second. But, there would be other troublesome questions.

Perhaps, if we only had the first count, we should reverse for a new trial. But, as it is, we believe that in the exercise of our supervisory powers we can direct judgment of dismissal be entered on count one. And we do so, upholding the conviction on the simple second degree burglary charge.

It should be noted that the first count drew a five year sentence and the second one was for three years. The latter was concurrent with the first.

Camacho's enlargement on bail is revoked effective now.