UNITED STATES of America, Plaintiff-Appellee,

v.

James Elvis SKINNER, Jr., Defendant-Appellant.

No. 76–1322

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 19, 1976.

Rehearing and Rehearing En Banc Denied Sept. 23, 1976.

David A. Miller, Dallas, Tex. (Court-appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

1. *See* Record, v.1 at 197 and 199. *But see* Brief for Appellee at 52.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Before THORNBERRY, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

The appellant, James Skinner, Jr., contends that the district court's modified Allen Charge [1] contained impermissibly coercive language which compels reversal of his conviction. After the most careful consideration of the Allen Charge and the context in which it was presented in this case, we have concluded that its use here was not so prejudicial as to deprive appellant of a fair trial and a unanimous verdict based on proof beyond a reasonable doubt. In his supplemental charge to the jury, the district court judge carefully avoided the pitfalls of coercive deadlines, threats of marathon deliberations, or pressure for surrender of conscientiously held minority views. [2] We cannot, in this case, find that the district court judge spoke erroneously. [3]

AFFIRMED.

---

1. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

2. The following is the text of the judge's charge:

Ladies and gentlemen, I have a note from you signed by Mr. Miller, and I would like to instruct you further as follows in the hopes that it will be helpful to you in your deliberations.

You should endeavor to reach an agreement if at all possible. Some jury sometime will have to decide this case.

The case has been tried out very ably by both sides, and all the available evidence has been adduced before you. It seems to me that you ought to make every effort to arrive at a unanimous verdict and to reach a conclusion. Of course, the verdict of the jury must represent the opinion of each individual juror, but it by no means follows that opinions may not be changed by conference in the jury room. The very object of the jury system is to secure unanimity by comparison of views and by arguments among the jurors themselves.

Each juror should listen with deference to the arguments of the other jurors and with a distrust of his own judgment if he finds the large majority of the jury takes a different view than the view he takes.

No juror should go to the jury room with a blind determination that the verdict should represent his opinion of the case at that moment or that he should close his ears to the argument of other jurors who are equally honest and intelligent as himself.

Accordingly, although the verdict must be the verdict of each individual juror and not a mere acquiescence in the conclusion of your fellow jurors, the court instructs you, however, that you should examine the issues submitted with an open mind and with candor and with proper regard and deference to the opinions of each other.

It is your duty to decide the case if you can conscientiously do so.

You should listen to each other's arguments with a disposition to be convinced. If a much larger number favors one side or the other, a dissenting juror should consider whether, in the light of opinions that are expressed by the other jurors in the jury room, he is not in error in his views.

I want to recess you and excuse you at this time until 9:00 o'clock in the morning, and I will ask you to return to the jury room at that time and to continue your deliberations, discuss the matters among yourselves in a friendly spirit and endeavor to agree upon a verdict, if you can do so.

During the overnight recess, of course, remember the instructions I have given you, one, not to discuss the case with anyone or among yourselves at any time you are out of the jury room. If anyone should undertake to discuss the case with you, do not permit them to do it. In the event there should be something in the news or the news media of any kind, when you realize that there is, if that should happen, please disregard it, because I am sure you understand that a verdict, if one is reached, must be based solely on the evidence that you heard in this courtroom and from no other source, so considering the hour and with those instructions, we will recess until 9:00 in the morning, and I will ask you to return at that time and continue your deliberations, taking into account the additional remarks that I have just made to you. So we will stand in recess until then.

3. *United States v. Bailey*, 5 Cir. 1973 (en banc), 480 F.2d 518.