**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Orlie J. BAKER and W. H. Butler,
Defendants–Appellants.**

**No. 80–1047.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 29, 1980.

Rehearing Denied Jan. 23, 1981.

Randy Martin, Houston, Tex., for Baker.

Jack Neal, Graham, Tex., for Butler.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff–appellee.

Before AINSWORTH, Circuit Judge, KUNZIG, Judge *, and RANDALL, Circuit Judge.

AINSWORTH, Circuit Judge:

Orlie J. Baker and W. H. Butler were found guilty, after a jury trial, of both counts of an indictment charging conspiracy to misapply funds of a bank insured by the Federal Deposit Insurance Corporation, in violation of 18 U.S.C. § 371, and with misapplication of the bank's funds, in violation of 18 U.S.C. §§ 2 and 656. They appeal their conviction, asserting errors in their trial in that the Government failed to meet its burden of proving that Gulf Coast National Bank (GCNB) was federally insured, that the *Allen* charge given by the trial court was unduly coercive, and that the court improperly admitted in evidence their prior state grand jury testimony. We find no reversible error and affirm.

The purported fraud in this case revolves around the sale of a used diesel truck. Baker, president of GCNB, allegedly participated in a scheme with Butler to sell the truck, repossessed by his bank, to Harris County, Texas, for $17,250, while crediting the loan account of the former owner with only $14,000. The defendants, Baker and Butler, were charged with converting to their own use the difference of $3,250 rather than crediting said amount to the outstanding loan held by the bank.

Our standard of review on appeal is whether, viewing the evidence most favorably to the Government, a reasonable-minded jury could find the admissible evidence sufficient to support the jury's verdict of guilty. Thus all reasonable inferences and credibility choices must be made in favor of the jury verdict. *United States v. Maner*, 611 F.2d 107, 108 (5th Cir. 1980). *See also Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942).

■ In order to find appellants guilty of the charges herein alleged, as well as to establish federal jurisdiction, it was necessary that the Government show that GCNB was either a "member bank, national bank, or insured bank."[1] 18 U.S.C. § 656. Accordingly, the Government sought to prove the bank was insured by the Federal Deposit Insurance Corporation (FDIC) through the testimony of a former loan officer of the bank. The loan officer testified that GCNB was a national bank insured by the Federal Deposit Insurance Corporation during the time the alleged violations occurred. Counsel for appellants objected to the testimony as hearsay. However, the trial judge overruled the objection after being assured by the witness that he spoke from personal knowledge.[2] On this basis, the trial court submitted the issue to the jury to determine

---

* Judge of the United States Court of Claims, sitting by designation.

1. 18 U.S.C. § 656 reads in pertinent part as follows:

   As used in this section, the term "national bank" is synonymous with "national banking association"; "member bank" means and includes any national bank, state bank, or bank and trust company, which has become a member of one of the Federal Reserve Banks; and "insured bank" includes any bank, banking association, trust company, savings bank, or other banking institution, the deposits of which are insured by the Federal Deposit Insurance Corporation.

2. Appellants did not challenge the witness as to the basis of his professed firsthand knowledge.

the fact of insurance. In our view, the evidence was sufficient under the circumstances.[3]

■ Appellants also objected to an *Allen*[4] charge by the district judge which they assert was coercive and improper. They contend that the charge was stated in a manner which coerced the jury into returning a verdict of guilty under pressure by the court of a specific deadline. The *Allen* charge is permissible in this circuit only within the limitations of our prior decisions. *See United States v. Bailey,* 480 F.2d 518 (5th Cir. 1973) (en banc). Upon review of the instant charge, we conclude it was neither coercive nor prejudicial and that no deadline was set.[5] The language in charge[6] is similar to that already approved by this court. *See also United States v. Dixon,* 593 F.2d 626 (5th Cir.), *cert. denied,* 444 U.S. 861, 100 S.Ct. 126, 62 L.Ed.2d 82 (1979); *United States v. Bright,* 588 F.2d 504 (5th Cir. 1978), *cert. denied,* 440, U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979); *United States v. Cook,* 586 F.2d 572 (5th Cir. 1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2821, 61 L.Ed.2d 274 (1979); *United States v. Scruggs,* 583 F.2d 238 (5th Cir. 1978); *United States v. George,* 567 F.2d 643 (5th Cir. 1978); *United States v. Skinner,* 535 F.2d 325 (5th Cir.), *cert. denied,* 429 U.S. 1048, 97

---

3. In *United States v. Maner, supra,* we recently considered the cases pertaining to the sufficiency of evidence to prove FDIC coverage and said that we had found no case in this court or any other circuit court reversing a conviction for insufficient proof of insurance, though admitting the possibility for such a case arising in the future. 611 F.2d at 111–112.

4. *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

5. The trial judge did not set a time limit simply because he announced that the court would suspend operations for the day at 5:00 p. m.

6. The following is the pertinent text of the judge's charge:

Mr. Foreman and ladies and gentlemen of the jury, I have your note which indicates that you are divided eleven to one on all three counts and you don't think that anything is ever going to change it.

Now I'm going to ask the clerk to file your note. And I'm going to instruct you as follows.

I'm going to ask you that you continue your deliberations in an effort to agree upon a verdict and dispose of this case. I have a few additional comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in time, effort and money to both the defense and the prosecution. If you should fail to agree on a verdict, the case is left open and must be tried again.

Obviously, another trial would only serve to increase the cost to both sides and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it's been tried before you. Any future jury must be selected in the same manner and from the same sources as you were chosen. And there is no reason to believe the case could ever be submitted to twelve men and women more conscientious, more impartial or more competent to decide it or that more or clearer evidence could be produced.

If a substantial majority of your number are for conviction, each dissenting juror ought to consider whether a doubt in his or her mind is a reasonable one since it appears to make no effective impression upon the minds of the others.

On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors ought seriously to ask themselves again and most thoughtfully whether they do not have a reason to doubt the correctness of a judgment which is not shared by several of their fellow jurors and whether they should distrust the weight and sufficiency of evidence which fails to convince several of their fellow jurors beyond a reasonable doubt.

Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence, but remember also that after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict, if you can do so, without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the accused should have your unanimous verdict of not guilty.

You may be as leisurely in your determination as the occasion may require and should take all the time which you feel is necessary. I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given to you.

S.Ct. 756, 50 L.Ed.2d 762 (1977).[7] We find no error, therefore, in the instruction to the jury.

 Finally, appellants challenge the admission of their prior state grand jury testimony, without a limiting instruction by the trial judge.[8] The testimony resulted from appellants being called as witnesses in a state grand jury investigation of the actions of a Harris County, Texas, official in the sale of the diesel truck. Although appellants concede the testimony of each appellant was admissible against himself, they assert the testimony was also used against each other. They contend that admission of these statements of alleged coconspirators against each other violates the principles established in *United States v. James*, 590 F.2d 575 (5th Cir. 1978) (*en banc*).

However, the Government offered the state grand jury testimony of Baker and Butler only as exculpatory statements of each defendant later shown to be false. The Government contends that the testimony of the two appellants did not harm or affect the other.[9]

We agree with the trial court's ruling that our holding in *James* is inapposite. The grand jury testimony should not be construed as statements of one conspirator against another conspirator. The testimony was exculpatory. Nothing in the testimony of either appellant inculpated the other. Thus, a limiting instruction to the jury con-

cerning the testimony was not necessary or warranted.[10]

Accordingly, the judgment of conviction is affirmed.

AFFIRMED.

---

7. Appellants also contend that the trial court committed plain error in instructing the jury that the Government had to prove the bank was a national bank. Although the indictment charged that the bank was insured by FDIC, there was no prejudice to the appellants' substantial rights in light of evidence showing that GCNB was both a national bank and federally insured. *See United States v. Hand*, 516 F.2d 472 (5th Cir. 1975).

8. Appellant Baker requested that the trial court instruct the jury that Butler's grand jury testimony could only be considered against Butler, and not against Baker.

9. The trial court admitted the testimony under the authority of *United States v. Washington*, 431 U.S. 181, 97 S.Ct. 1814, 52 L.Ed.2d 238 (1977) (testimony by a grand jury witness may be used against him in a later prosecution even though he was not warned that he was a poten-

tial defendant) and *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976) (grand jury witness may be convicted of perjury on basis of false grand jury testimony even though he was not advised of his Fifth Amendment privilege).

10. When appellants requested the trial court to instruct the jury that the grand jury testimony could only be considered against the defendant who made the statement, the trial judge made the following ruling:

> Gentlemen, I don't feel that we have reached *United States v. James* at this point. We have heard nothing that could qualify as confession by one alleged co–conspirator being offered against another alleged co–conspirator. I don't think that's an appropriate instruction at this point.