**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Earl KELLY,
Defendant-Appellant.**

No. 85–4479.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1986.

J. Dudley Williams, Aberdeen, Miss. (Court-appointed), for defendant-appellant.

Glen H. Davidson, U.S. Atty., and John R. Hailman, Asst. U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GEE, RANDALL and DAVIS, Circuit Judges.

PER CURIAM:

Defendant James Earl Kelly appeals his conviction of robbing an FDIC-insured bank in violation of 18 U.S.C. § 2113(a). We affirm.

## I.

After a two day jury trial, Appellant James Earl Kelly was convicted of stealing over $6,000 from the National Bank of Commerce in Amory, Mississippi. Kelly now challenges this conviction on two grounds, arguing first that the evidence presented by the Government was insufficient to support a guilty verdict, and second that the district court erred in giving to the jury a modified *Allen* charge.

## II.

This Circuit's standard of review for an attack on the sufficiency of the evidence is well-established.

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983); *see also United States v. Thomas,* 768 F.2d 611, 614 (5th Cir.1985). "The verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). Furthermore, in light of Kelly's central claim that the evidence at his trial was wholly circumstantial, we emphasize that the standard of review we apply "is the same whether the evidence used to support the conviction is direct or circumstantial." *United States v. Carpenter,* 769 F.2d 258, 259–60 (5th Cir.1985); *see also United States v. Escobar,* 674 F.2d 469, 477 (5th Cir.1982).

Kelly's claim that the Government's evidence was circumstantial is correct, but that evidence, viewed in the light most

favorable to the verdict, is clearly adequate to support the conviction. The teller of the Bank whom the robber approached testified that the criminal was a black man, identical in size and build to Kelly. She could not see the robber's face, but she positively identified a red cap and blue jacket later found by police near the scene of the crime. Another witness testified to observing a black man run past her window shortly after the robbery while removing the same cap and jacket. In addition, two other witnesses observed Kelly outside the Bank shortly before the robbery, and they noticed him to be wearing a cap and a blue jacket. Still another witness who saw Kelly after the robbery remembered that a beige face towel had been hanging from his pocket—a towel similar to that which the teller said covered the robber's face. After the robbery, Kelly paid someone he knew ten dollars to drive him approximately one block, explaining that the police were after him for having sold drugs. Kelly himself denied being in Amory at all on that day, but five witnesses testified that they saw Kelly within a block of the Bank both before and after the robbery. Government witnesses also testified that Kelly admitted to having several thousand dollars in cash shortly after the robbery. Finally, the elements of Kelly's alibi were directly contradicted by a number of witnesses. The evidence in this case, albeit circumstantial, is more than adequate to support the conviction. *Cf. United States v. Sutherland,* 463 F.2d 641 (5th Cir.), *cert. denied,* 409 U.S. 1078, 93 S.Ct. 698, 34 L.Ed.2d 668 (1972); *United States v. Chrisco,* 493 F.2d 232 (8th Cir.), *cert. denied,* 419 U.S. 847, 95 S.Ct. 84, 42 L.Ed.2d 77 (1974).

### III.

Kelly also argues that the district court's *Allen* charge, *Allen v. United States,* 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896), constituted "an unwarranted intrusion on the fact-finding role of the jury." Kelly's brief at 16"A". In light of Kelly's contention that "[t]here is no longer any place for the *Allen* charge," Kelly's brief at 18, we reproduce in full the instruction to which Kelly objects:

Members of the jury, in response to the note that you sent, I've brought you back into the courtroom for a minute so that I can give you this further instruction. I'm going to ask that you continue your deliberations in an effort to agree upon a verdict and dispose of this case if you can. And I have a few additional comments that I would like for you to consider in doing so. I want you to feel free to ask for any additional clarification or any additional matter in which this court can be of help. Unfortunately, of course, we don't have an instant record, printout, that I can give you, transcripts of testimony, as you requested. But, of course, all clarifications and matters have to come in writing to the court so we can keep a record of it.

Now, this is an important case. The trial has consumed considerable time, effort, and money to both the defense and the prosecution. And if you should fail to agree on a verdict, this case is, of course, left open and it will have to be tried again. Obviously another trial would only serve to increase the time and effort and money to both sides. And there is no reason to believe that this case could be tried again by either side better or more exhaustively than it has been tried before you. Any future jury must be selected in the same manner, from the same sources as you were selected and chosen. There is no reason to believe that this case could ever be submitted to twelve men and women more conscientious, more impartial or more competent to decide or that more clearer evidence would be produced.

Now, if a substantial majority of your number are for conviction, each dissenting juror ought to consider whether the doubt in his or her own mind is a reasonable one since it appears to make no effective impression on the minds of the others.

On the other hand, if a majority or even a lesser number of you are for acquittal, the other jurors should seriously ask themselves again and more thoughtfully whether they do not have a reason to

doubt the correctness of their judgment which is not shared by several of your fellow jurors. Whether they should distrust the weight and sufficiency of the evidence which fails to convince several other jurors beyond a reasonable doubt. But remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of the evidence. But remember also, that after full deliberation and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so without surrendering your conscientious conviction. You must also remember that if the evidence in the case fails to establish guilt to you as a juror beyond a reasonable doubt, then it is your duty to vote not guilty.

Now, you may be as leisurely in your deliberations as the occasion may require. You should take all of the time which you may feel is necessary. No one is hurrying you anyway in this case. I'm going to ask that you now retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the other instructions that I've previously given to you.

If some of the instructions are not clear that the court has heretofore given you orally, do not hesitate to ask for clarification. I want to make every instruction as clear as possible.

With these instructions, I'll ask you to return and give it another try. Approach it calmly, deliberately, with respect to each other's attitudes and feelings and opinions and see if an unanimous verdict can be reached. But, again, I'll remind you that you are in no way to surrender your conscientious convictions in any manner.

Having said this, I'm going to ask that you retire and continue your deliberations and let's see what can be done with a little further discussion and deliberation.

2 Record at 277–80.

The standard for reviewing an *Allen* charge is abuse of discretion. *United*

States v. Nichols, 750 F.2d 1260, 1266 (5th Cir.), *cert. denied,* —— U.S. ——, 105 S.Ct. 1186, 84 L.Ed.2d 333 (1985). The instruction used in this case cannot be fairly read to have coerced the jury; on the contrary, the language used comports with language this court approved in *United States v. Anderton,* 679 F.2d 1199, 1203 n. 3 (5th Cir.1982), and it reflects an understanding of this court's admonitions concerning *Allen* charges. *See, e.g., United States v. Thomas,* 567 F.2d 638, 643 (5th Cir.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 90, 58 L.Ed.2d 114 (1978); *United States v. Skinner,* 535 F.2d 325 (5th Cir.1976), *cert. denied,* 429 U.S. 1048, 97 S.Ct. 756, 50 L.Ed.2d 762 (1977). The *Allen* charge was not an abuse of discretion.

IV.

For the foregoing reasons, the judgment is AFFIRMED.